[Civ. No. 565. First Appellate District.—March 22, 1909.]

## STEFANO VARNI, Appellant, v. ANTONIO DEVOTO, MARIA VARNI et al., Respondents.

PARTITION—COMPLAINT—DEMURRER SUSTAINED—AMENDMENT—DISMISSAL—APPEAL.—In an action for partition, after a demurrer has been sustained to the complaint, if plaintiff is entitled to maintain the action, he should have been given an opportunity to amend the complaint before the final dismissal of the action; but if he desired to amend the same, he should have applied to the court for such permission and taken an exception if permission had been denied. In case of his failure to do so, it is too late to make the point for the first time in the appellate court, when nothing appears in the record to show an abuse of discretion.

ID.—RIGHT OF EQUITABLE OWNER TO SUE.—An action for partition may be maintained by an equitable owner of an undivided interest in the property; and the court erred in sustaining a demurrer to his complaint upon the ground that it did not show a legal title.

ID.—CONSTRUCTION OF CODE—ESTATE OF INHERITANCE—EQUITABLE AND LEGAL REMEDIES.—An equitable estate is an estate of inheritance within the meaning of section 752 of the Code of Civil Procedure; and since equitable and legal remedies may be sought and had in the same case, under the code, the owner of an equitable title to an undivided interest may sue to establish his right, and to obtain the division of the common estate.

ID.—POSSESSION OF PLAINTIFF NOT ALLEGED—POSSESSION OF COTENANTS. When the complaint alleges possession by the owner of the legal title held in trust for him and of another cotenant joined as a defendant, and does not show an adverse seisin, the possession of the defendants is the possession of the plaintiff, and the complaint is

not demurrable because it does not expressly allege that plaintiff is in the possession of the land sought to be partitioned.

Id.—Adverse Possession of Cotenant—Action for Partition not Affected—Rights of Parties Adjustable.—If it be assumed that the complaint shows the adverse possession of a cotenant, that would not affect the action for partition, in which, under section 759 of the Code of Civil Procedure, the rights of all parties, both plaintiff and defendant, may be put in issue and tried therein.

Id.—Express Trust not Shown—Husband and Wife—Purchase with Community Property—Title in Wife's Name—Parties.— Though the trustee of an express trust is vested with the whole estate under section 863 of the Code of Civil Procedure, and while such trust continues, it cannot be enforced in partition; yet a complaint alleging that plaintiff, as husband, purchased an undivided interest with community money, and took the record title in the wife's name, does not show an express trust within that section, but shows a right of possession in the plaintiff which entitles him to partition against a cotenant; and under the complaint, which states a cause of action also against the wife for a conveyance to which he is entitled from her, she is a proper party defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Joseph F. Cavagnaro, R. T. Harding, and Harding & Monroe, for Appellant.

James A. Devoto, and Devoto & Richardson, for Antonio Devoto, Respondent.

James W. Cochrane, Richard F. Henshall, and Cochrane & Henshall, for Maria Varni, Respondent.

KERRIGAN, J.—This is an action in partition. It is alleged in the complaint that Stefano Varni and the defendant Maria Varni are husband and wife, and that with money earned by him during their marriage she purchased an estate of inheritance to the extent of an undivided one-half interest in the land described in the complaint, and caused the legal title thereto to be conveyed to her, and that the same now stands of record in her name; that she is in possession thereof as trustee for him, and he is the equitable

10 Cal. App.—20

owner thereof; that Antonio Devoto is the owner and holder of the other undivided one-half interest, and that plaintiff and the defendant Devoto are the only persons having any interest therein.

Both the defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Based upon these demurrers a judgment of dismissal was entered, and from that judgment plaintiff prosecutes this appeal.

Plaintiff suggests that if, as an abstract legal proposition he is entitled to maintain this action, he should have been given an opportunity to amend the complaint. That is true. But if he desired to amend it he should have applied to the court for such permission, and taken an exception if permission had been denied. It is too late to make the point for the first time in this court when nothing appears in the record to show an abuse of discretion. (Code Civ. Proc., sec. 427; *Buckley* v. *Howe,* 86 Cal. 596, [25 Pac. 132]; *Schaacke* v. *Eagle etc. Can Co.,* 135 Cal. 480, [63 Pac. 1025, 67 Pac. 759].)

In support of the judgment, defendants first claim that the plaintiff, being the holder of the equitable and not the legal title to the property, cannot maintain this action. But in this state it is held to the contrary. Section 752, Code of Civil Procedure, provides that where several cotenants are in possession of real property, and "one or more of them have an estate of inheritance," a suit in partition may be brought, and in the case of *Watson* v. *Sutro,* 86 Cal. 527, [24 Pac. 172, 25 Pac. 64], it was held that an equitable estate was an estate of inheritance, and that therefore an action for partition could be maintained by the owner of such a title; that as legal and equitable remedies may be sought and had in the same case, the owner of the equitable title to an undivided interest may sue to establish his right and to obtain a division of the common estate. (See, also, *Luco* v. *De Toro,* 91 Cal. 422, [27 Pac. 1082]; 30 Cyc. 195, 196.)

Defendants next contend that as it appears from the complaint that plaintiff is not in possession of any of the land, this suit is not maintainable. The seisin of plaintiff's cotenant Devoto, unless adverse, is the seisin of the plaintiff; but assuming that the complaint shows that the possession

of Devoto is adverse and hostile to plaintiff, still the point has no force in this state. At the common law, and under some American statutes, if property be held adversely to the claimant, he must, before instituting partition proceedings, establish his right to the land by an action to recover possession. And the language of section 752, Code of Civil Procedure, standing alone, lends countenance to the argument that such is the law here. But section 759, Code of Civil Procedure, provides that "the rights of the several parties, plaintiff as well as defendant, may be put in issue, tried and determined in such an action." And the supreme court has held, resting its decision on this section, that a cotenant not in possession of the land may bring a partition suit against his cotenant whose possession is adverse and hostile; that a proceeding in partition is one in which the rights of all the parties may be fully inquired into and determined. (*Martin v. Walker*, 58 Cal. 590, 594; 30 Cyc. 204.)

Under section 863, Code of Civil Procedure, the trustee of an express trust is vested with the whole estate; and respondents contend that the trust alleged in the complaint is an express trust; that therefore the plaintiff has not an estate of inheritance, and cannot maintain this action. One cannot, of course, by a suit for partition, put an end to an express trust or defeat its lawful purposes, nor usurp the functions of the trustee. Here, however, the property does not appear to be held by Maria Varni under an active trust, or under an express trust such as is defined in section 857, Code of Civil Procedure, referred to in section 863, Code of Civil Procedure. According to his pleading, the plaintiff is entitled to a conveyance of the property from his wife, or to possession thereof without such conveyance; therefore he may compel partition (30 Cyc. 196), and we therefore think that the complaint not only states a cause of action against defendant Devoto, but, as the allegations of the complaint show that Maria Varni is at least a proper party defendant, that it also states a cause of action against her. (*Bulwer Con. Mining Co. v. Standard Con. Mining Co.*, 83 Cal. 606, [23 Pac. 1102]; 30 Cyc. 202, 203.)

The judgment is reversed.

Cooper, P. J., and Hall, J., concurred.