[Civ. No. 802.   Third Appellate District.—August 8, 1911.]

CATHERINE CARLEY, MARTHA SANGUINETTI, ANNIE HILL, and MILLS MITCHELL, Appellants, v. VALLECITA MINING COMPANY, a Corporation, Respondent.

PLEADING — ORDER SUSTAINING DEMURRER—REFUSAL OF LEAVE TO AMEND—ABUSE OF DISCRETION NOT SHOWN IN RECORD.—Where an order of court appears in the record sustaining a demurrer to part of the causes of action stated in the complaint, without leave to amend, it cannot be said that the court abused its discretion in so doing, where the record fails to show that plaintiffs asked leave to amend those causes of action, or to suggest wherein they could amend their complaint, or desired to do so, in respect of those causes of action.

ID.—IMPROPER PRACTICE—REQUEST FOR COURT TO EXAMINE RECORD TO DISCOVER ERROR IN DEMURRER—ABSENCE OF AID IN SEARCH.— It is unfair and improper practice to request this court to examine sixty-six folios of the complaint to discover some ground for reversing the order sustaining the demurrer, without any aid given in the search, or showing wherein the order sustaining the same was improper.

ID.—ABANDONMENT OF APPEAL UPON OTHER POINTS.—This court is justified in treating the appeal as abandoned, except upon the single point that they should have been given leave to amend, upon which the appeal is not tenable.

APPEAL from a judgment of the Superior Court of Calaveras County.   A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Snyder & Snyder, for Appellants.

Bishop, Hoefler, Cook & Harwood, for Respondent.

CHIPMAN, P. J.—The relief prayed for by plaintiffs is based on three separate causes of action.   A demurrer to the first cause of action was overruled and was sustained as to the second and third alleged causes of action without leave to amend.   Defendant answered the first cause of action and,

on the issues thus formed, the case went to trial. The judgment reads: "And the said plaintiffs having abandoned said action upon the trial and before the final submission of the case, and the court having thereupon dismissed said action: . . . It is ordered . . . that the said plaintiffs take nothing by this their said action . . . and the said action is hereby dismissed."

Plaintiffs appeal on the judgment-roll.

The following constitutes the entire statement found in appellant's brief: "We respectfully invoke the consideration of the court to the complaint and demurrer thereto set forth in the transcript from folio 3 to folio 69. We submit that the second and third causes of action of the complaint are not amenable to the objections raised by the demurrer, and that if the demurrer was properly sustained, leave should have been granted plaintiffs to amend said second and third causes of action."

. The record fails to show that plaintiffs asked leave to amend or to suggest wherein they could amend their complaint or desired to do so. In such a case we cannot say that the court abused its discretion in denying leave to amend. (*Kleinclaus* v. *Dutard,* 147 Cal. 252, [81 Pac. 516].)

We are asked to examine sixty-six folios of the complaint to discover some ground for reversing the order sustaining the demurrer to the second and third alleged causes of action. We are given no aid in this search; in no single particular is it suggested that the grounds of the demurrer were not well taken; in no particular is it shown that the complaint was sufficient to meet the objections raised by the demurrer. We are simply told that these causes of action "are not amenable to the objections raised by the demurrer," but if they are so amenable, plaintiffs should have had leave to amend. Such method of following up an appeal is neither fair to the respondent nor to the appellate court. We feel ourselves fully justified in treating the appeal as practically abandoned. Respondent, however, has, with unnecessary elaboration, anticipated every imaginary point which appellants could suggest in support of the complaint and, we think, has shown that the complaint is deficient in many essential respects. To this very exhaustive treatment appellants make no reply. No reasonable conclusion can be reached other than that ap-

pellants have abandoned their appeal except upon the single point that they should have been given leave to amend. As already stated, this point has no merit.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.