[Civ. No. 1605.    Second Appellate District.—February 18, 1915.]

COUNTY OF LOS ANGELES, Appellant, v. W. A. HAMMEL, Sheriff of Los Angeles County et al., Respondents.

PUBLIC OFFICER—SHERIFF OF LOS ANGELES COUNTY—RIGHT TO FEES COLLECTED—CONSTRUCTION OF LOS ANGELES CHARTER.—Where the sheriff of Los Angeles County was serving an unexpired portion of his term, for which he had been theretofore elected, at the time the charter of that county went into effect, he was entitled under sections 52 and 56 of article XII of such charter, (which provided that neither the tenure of office nor the compensation to be paid to officers theretofore elected should be changed or altered until they had been chosen by the electorate), to retain for his own use as part of his compensation the fees collected by him under section 4290 of the Political Code, notwithstanding section 15 of article IV of such charter which provides that "all fees collected by any county officer, board or commission shall be paid into the county treasury."

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, for Appellant.

Leon F. Moss, for Respondents.

JAMES, J.—Judgment in favor of defendants followed upon the demurrer to plaintiff's complaint being sustained without leave to amend. This appeal is from that judgment.

Appellant, the county of Los Angeles, sought by its action to recover from respondent Hammel and his codefendants, the sureties on his official bond, a sum of money which it was alleged had been collected after June 1, 1913, as fees for services rendered by said Hammel in his official capacity as sheriff of the county. It was the contention of the sheriff that the law entitled him to retain the fees for his own use as part of his compensation. The judgment of the lower court was in agreement with that contention. The people of the county, at the November election of 1912, adopted for the purposes of local government a charter pursuant to the authority given by an amendment to the state constitution,

known as section 7½ of article XI.   At the time this charter
became of effect the sheriff of the county was serving an un-
expired portion of the term for which he had theretofore been
elected.   In addition to the salary allowed him, he had re-
ceived and retained certain fees.   These fees were retained
by him under express authority of section 4290 of the Polit-
ical Code, which in the part material to this consideration,
provides as follows: "The salaries and fees provided in this
title shall be in full compensation for all services of every
kind and description rendered by the officers named in this
title either as officers or ex-officio officers, their deputies and
assistants, unless in this title otherwise provided, . . . pro-
vided, further, that the sheriff shall be entitled to receive and
retain for his own use, five dollars per diem for conveying
prisoners to and from the state prisons, and for conveying
persons to and from the insane asylums, or other state institu-
tions not otherwise provided for by law; also, all expenses
necessarily incurred in conveying insane persons to and from
the insane asylums, and in conveying persons to and from the
state prisons, or other state institutions, which per diem and
expenses shall be allowed by the board of examiners and col-
lected from the state. . . . The sheriff may retain for his
own use the mileage for service of papers or process issued
by any court of the state; . . ."   Under this provision the
authority of the sheriff to retain the fees as a part of his gen-
eral compensation, is too clear to admit of dispute.   We then
have to determine as to whether the charter adopted by the
people for the government of the county worked any change
in the matter of the amount of the sheriff's compensation.
Under the power given by the constitutional amendment to
counties permitting them to adopt charters for the control of
their local affairs, it is provided that it shall be competent
in such charters to provide for the election and appointment
of officers, and "for the times at which and the terms for
which, said officers shall be elected or appointed, and for their
compensation, or for the fixing of such compensation by boards
of supervisors."   Agreeable to the terms of this provision, it
was provided by section 11 of article III of the Los Angeles
County charter, that the board of supervisors should provide
by ordinance for the compensation of elective officers, unless
such compensation was otherwise fixed by the charter. . There
was a further provision, being section 52 of article XII, which

provided that: "The compensation of any elective county or township officer shall not be increased nor diminished during the term for which he was elected, nor within ninety days preceding his election." In the same article, section 56 provided as follows: "Nothing in this charter is intended to affect, or shall be construed as affecting, the tenure of office of any of the elective officers of the county or of any district, township or division thereof, in office at the time this charter goes into effect, and such officers shall continue to hold their respective offices until the expiration of the term for which they shall have been elected unless sooner removed in the manner provided by law; nor shall anything in this charter be construed as changing or affecting the compensation of any such officer during the term for which he shall have been elected. But the successors of each and all of such officers shall be elected or appointed as in this charter provided, and not otherwise." Under the provisions of the charter the office of sheriff remained elective, as it had theretofore been. The claim of appellant, which if sustained would require a reversal of the judgment, is based wholly upon a section of the charter which provides that: "All fees collected by any county officer, board or commission shall be paid into the county treasury on the first Monday of each calendar month, together with a detailed statement of the same in writing, a duplicate copy of which shall be filed with the auditor at the same time." (Art. IV, sec. 15, Charter of L. A. County.) It is argued that the fees which the sheriff retains should not be classed as a part of his compensation; that the salary as fixed by law is the compensation intended. This view is entirely inconsistent with the provisions of section 4290 of the Political Code, as above cited, wherein it is stated that "the salaries and fees provided in this title shall be in full compensation for all services." As a part of the same section, the fees which it is here sought to have the sheriff account for are provided to be paid to him for his own use. How to justify the distinction between the fees provided to be paid to an officer for his own use and the lump sum as salary for the same purpose, as not both being by way of compensation, we are unable to produce any logical reason and have failed to find any such in the brief of appellant. Those decisions touching cases where it has been held that the compensation of an officer might properly be changed during his term of

office from that of a salary to fees, or from fees only to a salary, throw no light upon the question here presented. Without any doubt at all, the conclusion is impressed that the fees allowed by law to the sheriff for his own services were allowed by way of compensation and not otherwise. Now, in determining the effect of the charter provisions upon this question, appellant asks the court, in brief, to adopt one of the express provisions of the charter and make it effective, and discard altogether another plain provision which places a clear limitation upon the effect of the former; in other words, we are to take the expressed will of the people in one direction without admitting a qualification which they have placed upon their declarations, and give the charter an effect which it was not intended to have. From the sections we have quoted it must appear very clear that the people have intended that neither the tenure of office nor the compensation to be paid to officers elected theretofore should be changed or altered until they had served the terms for which they had been chosen by the electorate. Not only that, but it was also declared that the compensation of any elective county or township officer should not be increased nor diminished during the term for which he was elected, nor within ninety days preceding his election. It was altogether within the power of the people in adopting the charter to provide for the compensation to be paid to the officers of the county, and as an incident thereto, it certainly would be within the scope of that power to provide as to when the diminished compensation, if any, provided to be paid should commence, or as to the time when the board of supervisors might begin to exercise the authority granted to it, to make changes in the amount of compensation allowed to such officers.

In our opinion, the ruling of the trial judge as made in this case was in conformity with the plain declaration of the law.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1915.