[Civ. No. 1578.  Second Appellate District.—December 7, 1915.]

## D. E. KEITH, Appellant, v. W. A. HAMMEL, Sheriff of Los Angeles County, Respondent.

ACTION TO COMPEL SHERIFF TO RETURN FEES TO COUNTY—PLEADING—SUFFICIENCY OF PETITION.—In a proceeding for a writ of *mandamus* to compel the sheriff of Los Angeles County to pay into the county treasury all fees collected by him as such sheriff between certain dates, for the performance of official duties pertaining to that office, an allegation in the petition that the respondent as sheriff, between the dates specified, "collected and received and appropriated to his own use, the sum of $3,000.00 as fees belonging to Los Angeles County for the performance of his services as sheriff of Los Angeles County during said time," is sufficient as against a general demurrer.

ID.—CONDUCT OF ACTION FOR COUNTY—CONTROL BY PUBLIC OFFICERS.—The general effect of the provisions of the charter of Los Angeles County and of the statutes is, not only that the conduct of actions in which the county is a party is committed to the charge and control of public officers, but it is the intention (in harmony with long-established principles) that the county shall be a party to actions and proceedings wherein the county is concerned.

ID.—ACTION BY TAXPAYER—WHEN UNAUTHORIZED.—A resident property owner and taxpayer in the county of Los Angeles has no right to maintain an action to compel the sheriff of the county to pay into the county treasury certain fees collected and alleged to have been wrongfully appropriated by him, in the absence of a showing that the proper county officers have refused to commence or prosecute such a proceeding for the protection of the county's interest.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

William H. Fuller, for Appellant.

Leon F. Moss, for Respondent.

CONREY, P. J.—*Mandamus.* The petitioner, a resident property owner and taxpayer in the county of Los Angeles, filed his petition in the superior court against the sheriff of Los Angeles County for a writ of *mandamus* to compel the respondent to pay into the county treasury all fees collected by him as such sheriff between the second day of June, 1913, and the thirty-first day of October, 1913, for the performance of official duties pertaining to that office. A demurrer to the petition for want of facts sufficient to constitute any ground for the relief demanded, was sustained and judgment was entered in favor of respondent. From that judgment the petitioner appeals.

Two principal objections among those relied upon by the respondent will be considered. These are: First, upon the merits, that the facts alleged do not show that the sheriff has received and retained any fees which he is under obligation to pay over to the county. Second, respondent claims that petitioner has not stated facts sufficient to establish his right to maintain the action, even though the demanded right exists in favor of the county.

The petition is so framed as to indicate that the pleader was intending to enforce the payment to the county of mileage and other compensation claimed by the sheriff under the charter of Los Angeles County and section 4290 of the Political Code. The claim of the sheriff that he was entitled to retain such moneys for his own use was determined in his favor on appeal to this court in *Los Angeles County* v. *Hammel,* 26 Cal. App. 580, [147 Pac. 983]. Appellant now concedes the points which were involved in that appeal, but he contends that since there are other fees provided by law which the sheriff of Los Angeles County must collect and pay into the county treasury (Pol. Code, secs. 4300b, 4300c), the petition herein is nevertheless broad enough to include those fees. Treating many of his allegations as surplusage irrelevant to his real case, he now says that the case includes, and was intended to include, all moneys collected by the sheriff in his official capacity. The petition states that the respondent as sheriff, between the dates specified, "collected and received

and appropriated to his own use, the sum of $3,000 as fees belonging to Los Angeles County, for the performance of his services as sheriff of Los Angeles County during said time." This appears to be sufficient, and the allegation is good as against a general demurrer.

The law concerning the right of a taxpayer to maintain actions and proceedings to enforce public rights and protect public interests has been a subject of discussion in many decisions, but is also to some extent affected by statutory declaration. Section 526a of the Code of Civil Procedure provides for the maintenance of a taxpayer's action against public officers to obtain a judgment restraining and preventing certain described illegal expenditures, etc., of county or municipal funds. It also says: "This section does not affect any right of action in favor of a county, city, town, or city and county, or any public officer." The charter of Los Angeles County, in section 21 thereof (Stats. 1913, p. 1490), declares that "the county counsel . . . shall have exclusive charge and control of all civil actions and proceedings in which the county or any officer thereof, is concerned or is a party." Section 10 of the charter states that the board of supervisors shall have all the jurisdiction and power "which are now or which may hereafter be granted by the constitution and laws of the state of California, or by this charter." Under section 4041 of the Political Code, subdivision 16, boards of supervisors are given jurisdiction and power to direct and control the prosecution and defense of all suits to which the county is a party. The general effect of these provisions of charter and statute seems to be, not only that the conduct of actions in which the county is a party is committed to the charge and control of public officers, but it further appears to be the intention (in harmony with long-established principles) that the county shall be a party to actions and proceedings wherein the county "is concerned." From the many decisions of the courts of this and other states dealing with this subject, we derive the principle that in the conduct of the ordinary business of a county or city, where the care and protection of the rights of the corporation have been committed to public officers, the primary right goes with the duty belonging to those officers to control the ordinary business of the corporation without the interference of private citizens, even though they be taxpayers. The exceptions which have been per-

mitted usually arise in those situations where an officer is threatening to act in excess of his authority, or refuses to perform an official duty, and there is no other officer or official body empowered to act on behalf of the public or of the corporation, to enforce their rights in the matter, or where it appears that the officers empowered to act refuse to perform their duty in that respect. Instances which illustrate the subject may be given; such as *Hyatt* v. *Allen*, 54 Cal. 353, *mandamus* by a taxpayer within an assessment district to compel county assessor to assess property subject to assessment; *Eby* v. *School Trustees*, 87 Cal. 166, [25 Pac. 240], *mandamus* to compel board of school trustees to comply with instructions of electors as to location of schoolhouse site; *Frederick* v. *City of San Luis Obispo*, 118 Cal. 391, [50 Pac. 661]; *mandamus* to require board of trustees to call an election on question of disincorporation of the city. All of these cases had to do with extraordinary situations and not with the conduct of the ordinary business of the corporation. In *Maxwell* v. *Board of Supervisors*, 53 Cal. 389, petitioner was permitted to maintain a proceeding for writ of review to the board of supervisors to review its action in entering into a contract for printing. This related to a matter within the ordinary scope of the business of the corporation, but the recalcitrant body was the controlling board of officers of the county, and the taxpayer's right in such a case is one arising out of the necessity of the situation, and is recognized for that reason. The principle which should control is very fully stated in *Dunn* v. *Long Beach Land & Water Co.*, 114 Cal. 605, [46 Pac. 607], wherein a resident of and property owner and taxpayer in the city of Long Beach sought to have canceled a certain judgment affecting the title to a street and to quiet the title of the city to the street. It was held, not only that the complaint did not state facts sufficient to constitute a cause of action, but also that the facts were not sufficient to justify the plaintiff in bringing the action. The court said: "The rule is that the municipality, through its governing body, has control of the property and general supervision over the ordinary business of the corporation; and there would be utter confusion in such matters if every citizen and taxpayer had the general right to control the judgment of such body or usurp the office. Where the thing in question is within the discretion of such body to do or not to do, the general rule is that then neither by *man-*

*damus, quo warranto,* or other judicial proceeding, can either
the state or a private citizen question the action or nonaction,
of such body; nor in such cases can a private citizen rightfully
undertake to do that which he thinks such body ought to do.
It is only where performance of the thing requested is en-
joined as a duty upon said governing body that such perform-
ance can be compelled, or that a private citizen can step into
the place of such body and himself perform it. If, therefore,
in the case at bar it was not a duty enjoined upon the board
of trustees of the city of Long Beach to bring an action similar
to this present action brought by appellant, then we need not
discuss the general subject of the right of private citizens
to maintain actions concerning municipal affairs—which right
is founded to a great extent upon necessity, and the want of
any other proper party plaintiff. And the proposition that
it was a duty enjoined upon said trustees to bring such an
action cannot be maintained." Then, after further discus-
sion and decision that there was no cause of action stated, the
opinion closes as follows: "It cannot be rightfully said that
the trustees now in office are not exercising a wise discretion
by refusing, at the present time, to commence unnecessary
and hazardous litigation."

In the case at bar we are not called upon to consider
whether the officers of Los Angeles County are exercising a
wise discretion by refusing to commence an action against the
sheriff to recover fees unlawfully retained by him, since there
is no intimation that they have refused or neglected anything
in that respect. The case to which we have referred, *County
of Los Angeles* v. *Hammel,* shows that the officers of the
county were diligent in seeking to recover from this same
sheriff another class of funds to which they claimed that the
county was legally entitled. If there is any further right of
action against the sheriff, it is a right of action of the county
which should be prosecuted by the county as a party plaintiff.
In order to justify the petitioner in maintaining an action or
proceeding, we think that it would be necessary for him to
show that the officers who control those matters of litigation
in which the county of Los Angeles is concerned have refused
to commence or prosecute proceedings for the protection of the
county's interests in this matter. In *Burr* v. *Board of Super-
visors of Sacramento County,* 96 Cal. 210, [31 Pac. 38], it was
held that where by statute it is made the duty of the district

attorney to institute suit in the name of the county for the recovery of money paid out without authority of law, the statute affords a plain, speedy and adequate remedy available to taxpayers by complaint to the district attorney, and that "to say the least," the interest of a taxpayer does not entitle him to bring suit in his own name until the district attorney has refused to perform the duty so enjoined on him.

The judgment is affirmed.

James, J., and Shaw, J., concurred.