[Civ. No. 2625.     Third Appellate District.—October 5, 1923.]

MARY J. SIMONS, etc., et al., Appellants, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent.

[1] Pleading—Encroachment of Power Line on Private Property—Death of Property Owner—Negligence—Sufficiency of Complaint.—A complaint which alleges that defendant knowingly permitted its poles and power line, carrying a high voltage, to so lean over and encroach upon the deceased's property that while the deceased was removing a certain pipe from a well on his property, the pipe came in proximity with one of the wires, and that the electricity jumped from said wire to said pipe and was thereby conducted into the body of the deceased, causing his death, and which further alleges that defendant neglected to warn deceased of said encroachment or of the amount and power of the electric current, and that the latter was unaware and had no means of knowing of said encroachment and of the voltage carried by the power line, and was unaware of the property of electricity to jump, and that defendant neglected to warn the deceased of the property of electricity to jump and be transmitted through space, fails to contain allegations required to constitute a statement of a cause of action based upon the negligence of the defendant.

[2] Id.—Negligence.—Although it is not necessary for the term "negligence" to be used in pleading, it is necessary for it to appear by direct averment that the acts causing the injury were done negligently, where the facts stated do not constitute a cause of action unless done negligently, unless the facts themselves necessarily exclude any hypothesis other than that of negligence.

[3] Negligence—Power Line of Electric Company—Construction and Maintenance of—Height of Poles—Acts not Negligence Per Se.—It is not negligence *per se* for an electric company to erect or maintain its power line with leaning poles, assuming that they are rigidly fixed; nor is it negligence *per se* for it to string its wires at a height of twenty-eight feet, ten inches from the ground, or to maintain its line within seven and a half feet of a well on private property.

[4] Pleading—Amendment—Failure to Ask For—Effect of.—Complaint cannot be justly made by plaintiffs in a certain action that the trial court abused its discretion in not allowing them to file a further amended complaint, where the record fails to show that permission to amend was asked for or that it was indicated how the complaint could be amended to meet the objections raised by the demurrer.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lawrence Schillig, Charles B. Harris, H. T. Hiatt and Frank L. Gafney for Appellants.

Richard Belcher, Wm. B. Bosley, John P. Coghlan and Thomas J. Straub for Respondent.

JONES, J., *pro tem.*—This is an appeal from a judgment entered on an order sustaining a general and special demurrer to the amended complaint of plaintiffs, who, as heirs at law of one Charles A. Graves, brought the action to recover damages from the defendant for the death of said decedent.

It is alleged in the amended complaint that the defendant was engaged in the business of generating, distributing, selling, and furnishing electricity and electric power; that the power line consisted of three heavy wires, strung on wooden poles, said wires being capable of the transmission of sixty thousand volts; that the power line extended along the northern side of a certain public highway in the county of Sutter; that Charles A. Graves leased and was in possession of certain lands immediately north of said highway; that a certain well with an iron pipe and windmill above was located about ten feet north of the property line, which was well known to the defendant; that the high voltage power line and poles and wires were permitted and allowed by the defendant to lean and encroach over and upon the real property of Charles A. Graves to the extent of two and one-half feet all along the south side of said property, all of which was well known to said defendant, but said defendant neglected to warn said Graves that said power line was so leaning over and encroaching upon his ranch; that electric power, exceeding sixty thousand volts, was carried and transmitted along and by said power line; that the said Graves was unaware and had no means of knowing of said encroaching of defendant's power line upon his property and was unaware and had no means of knowing that said power line carried electricity

of sixty thousand volts, and was unaware of the property of electricity to jump from wires so heavily charged with electricity to another metal rod, pipe, or wire, placed in proximity thereto, but not touching; that said defendant neglected to warn said Graves of the amount and power of said current and of said property of electricity to jump and be transmitted through space; that said Graves was removing a certain pipe from the well with a derrick and while entirely upon the property of said Graves, the said pipe came in proximity with, but not touching, one of the said wires; that the electricity jumped from said wire to the said pipe and was thereby conducted into the body of said Graves, who was then and there killed by said electricity. The remaining allegations of the amended complaint need not, for the purpose of considering this appeal, be here set forth.

To this complaint, a demurrer, both general and special, was interposed by defendant and was sustained by the court without leave to amend.

It is claimed by respondent that the order sustaining its demurrer was correct on at least two major grounds: 1. Insufficiency of the allegations to charge respondent with actionable negligence; and, 2. Contributory negligence of the deceased.

[1] We are satisfied that the order must be held to be correct on the first ground stated, for, as we construe the pleading, it fails to contain allegations required to constitute a statement of a cause of action based upon the negligence of the defendant. [2] It is an established rule that "although it is not necessary for the term 'negligence' to be used in pleading, it is necessary for it to appear by direct averment that the acts causing the injury were done negligently, where the facts stated do not constitute a cause of action unless done negligently, unless the facts themselves necessarily exclude any hypothesis other than that of negligence. (*Silveira* v. *Iverson*, 125 Cal. 266 [57 Pac. 996].)" (*South* v. *County of San Benito*, 40 Cal. App. 13 [180 Pac. 354].)

In the same case, another rule is also stated, that "it should appear in what respects the defendant was negligent and that such negligence had a causal connection with plaintiff's injury."

In the opening brief of appellants, it is said that "the theory of the amended complaint is not predicated upon the negligent construction of the power line, but upon the fact of a course of negligent maintenance of the power line, poles, and wires after construction." They contend that it was the duty of respondent to maintain its power line in a safe place after construction and that the allegations of the amended complaint are equivalent to a statement that the power line was not so maintained. The allegations pertinent to this contention are as follows:

"That, at said times, all along the side of said Brickkiln Ranch, adjacent to said highway, the said power line was so erected that the lower wires thereof were strung at a height of less than 35 feet, to wit: at a height of 28 feet, 10 inches from the ground; and said poles thereof were allowed to, and did, lean to the north, so that said power line encroached over and upon said real property, for two and one-half feet all along the south side thereof."

The apparent meaning of these allegations is that the power line was erected with wires strung at a height of twenty-eight feet, ten inches, and with poles leaning to the north as described, and there are no allegations that such conditions changed in any respect after construction.

[3] It was not negligence *per se* for the respondent to have erected or maintained its line with leaning poles, assuming, of course, that they were rigidly fixed, and it is not here alleged that they were not; nor was it negligence *per se* for it to string its wires at the height stated; nor was it negligence *per se* for it to maintain its line within seven and a half feet of the well. The facts as alleged, whether referring to the conduct of respondent in constructing its line or in maintaining it afterward, do not necessarily exclude any hypothesis other than that of negligence. It should have been averred, in order that they should constitute a cause of action, that they were done negligently, and this the plaintiffs failed to do. The demurrer was, therefore, properly sustained.

[4] The appellants further contend that the court abused its discretion in not allowing them to file a further amended complaint. The record, however, fails to show that permission to amend was asked for or that it was indicated how the complaint could be amended to meet the objections

raised by the demurrer. In the case of *Duvall* v. *White,* 46 Cal. App. 305 [189 Pac. 324], it is said: "It is quite apparent that appellants are in no position to complain that the trial court abused its discretion in sustaining the demurrer without leave to amend. This follows for the reason that it does not appear that they asked permission to amend, or indicated in any manner how the complaint could be amended so as to meet the objections raised by the demurrer. This rule is well settled in the state and among the many decisions it is sufficient to specify *Stewart* v. *Douglass,* 148 Cal. 511 [83 Pac. 699] ; *Varni* v. *Devoto,* 10 Cal. App. 304 [101 Pac. 934] ; *Carley* v. *Vallecita Mining Co.,* 16 Cal. App. 781 [117 Pac. 1037]."

The judgment is, therefore, affirmed.

Finch, P. J., and Hart, J., concurred.