[Civ. No. 5220.   First Appellate District, Division Two.—July 7, 1925.]

## FREDERICK W. HANSEN, Appellant, v. THOMAS K. CARR, as Auditor, etc., et al., Defendants and Respondents; J. F. QUINN, Intervener and Respondent.

[1] PLEADING—COUNTIES—ILLEGAL CLAIMS—SUIT BY TAXPAYER—ABSENCE OF DEMAND UPON DISTRICT ATTORNEY.—A complaint by a citizen and taxpayer of a county for an accounting of moneys paid by the county to persons alleged to have been illegally employed by the county, for an injunction restraining the payment of similar illegal claims, and for a recovery of the moneys alleged to ' have been illegally paid, fails to state a cause of action, where it does not allege a demand upon or refusal of the district attorney as a duly constituted legal officer of the county to maintain the action for the recovery of moneys alleged to have been illegally expended and for the prevention of further illegal expenditures; and the failure of the plaintiff, after demurrer is sustained, to ask leave to amend justifies the entry of judgment in favor of the defendants.

[2] ID.—MISJOINDER OF ACTIONS.—Where such complaint joins three alleged causes of action, the first relating to the employment of three named individuals as assistants to the board of supervisors in the matter of the equalization and revision of property valuations for the purpose of the assessment and levying of taxes; the second relating to the employment of a deputy district attorney; and the third relating to the employment of special counsel for a special proceeding pending before the state water commission, a demurrer thereto is properly sustained upon the special ground of misjoinder of actions.

[3] ID.—CAUSES OF ACTION NOT SEPARATELY STATED.—Where such complaint, in each of the three counts, or causes of action, contains a suit for an injunction to restrain the payment of claims alleged to be illegal, a suit for an accounting to determine the amount of money which is claimed to have been illegally paid, and a suit to recover on behalf of the county moneys which are alleged to have been illegally expended, it is subject to the objection that several causes of action are joined in the same complaint and have not been separately stated as required by section 427 of the Code of Civil Procedure.

1. See 7 Cal. Jur. 563.
2. See 1 Cal. Jur. 366; 1 R. C. L. 367.
3. See 21 Cal. Jur. 64.

[4] ID.—INJUNCTION—RIGHT OF TAXPAYER.—Plaintiff's suit for an injunction is one which is properly brought by the taxpayer in his own right within the provisions of section 526a of the Code of Civil Procedure.

[5] ID.—RECOVERY OF MONEYS ILLEGALLY EXPENDED.—The suit to recover the moneys alleged to have been illegally expended is a suit brought by the taxpayer on behalf of the county, the taxpayer standing in the relation of a minor stockholder of. a corporation. He does not sue in his own right, but sues for the county to recover moneys which he alleges have been illegally diverted from the county funds.

[6] ID.—ACCOUNTING.—In so far as such complaint seeks an accounting of the moneys paid out on the claims alleged to have been illegally paid, there is a failure to state facts sufficient to constitute a cause of action because it is alleged that these payments were all made by the county treasurer upon warrants approved by the county auditor, and these, being matters of public record, were available to the plaintiff.

[7] ID.—LEAVE TO AMEND AFTER DEMURRER SUSTAINED—DISCRETION.— The granting of leave to amend after a demurrer is sustained is a matter resting primarily in the discretion of the trial court. The refusal to grant such permission will not be disturbed upon appeal in the absence of a showing of abuse of that discretion.

[8] ID.—FAILURE TO ASK LEAVE TO AMEND—APPEAL—PRESUMPTIONS. Where the record fails to disclose that leave to amend was requested and that the application was denied by the trial court, it must be assumed that no offer of an amendment was made, for otherwise the appellate court would be asked to hold that there was an abuse of discretion on the part of the trial court in denying something that was never sought until after the appeal was taken.

---

(1) 15 **C. J.**, p. 645, n. 35; 22 **C. J.**, p. 130, n. 30, p. 138, n. 17. (2) 1 **C. J.**, p. 1085, n. 25, p. 1093, n. 39; 30 *Cyc.*, p. 124, n. 22. (3) 31 *Cyc.*, p. 118, n. 72.   (4) 15 **C. J.**, p. 644, n. 28.   (5) 15 **C. J.**, p. 644, n. 28.   (6) 1 **C. J.**, p. 634, n. 85.   (7) 4 **C. J.**, p. 799, n. 36; 31 *Cyc.*, p. 352, n. 49.   (8) 4 **C. J.**, p. 749, n. 83, 84, 85.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4.   See 14 Cal. Jur. 249; 7 R. C. L. 965.
7.   See 21 Cal. Jur. 181; 21 R. C. L. 572.

J. Logan Beamer and Henry L. Ford for Appellant.

Arthur W. Hill, District Attorney, and J. J. Cairns, Assistant District Attorney, for Respondent Carr.

H. C. Nelson for Respondent Quinn.

NOURSE, J.—Plaintiff brought this action as a citizen and taxpayer of the county of Humboldt against the county auditor, the county treasurer and six members of the board of supervisors of the county, one of whom had succeeded another during the time over which the controversy extended. The complaint was framed upon the theory that certain illegal claims against the county had been authorized by the board of supervisors, audited by the county auditor and paid by the county treasurer. The purpose of the action was threefold: To restrain the allowance, auditing and payment of similar claims against the county; to have an accounting of the moneys paid by virtue of the claims so allowed, audited and paid, and to recover for the benefit of the county the moneys so found to have been illegally paid. The case comes to us on the amended complaint, to which the demurrers were sustained and upon which judgment was entered in favor of the defendants and the intervener, J. F. Quinn, who came into the proceeding for the purpose of defending against plaintiff's third alleged cause of action.

This amended complaint contains three distinct and separate causes of action. The first cause involves the claims of three persons who are alleged to have been appointed or employed by the board of supervisors of the county for the purpose of advising and assisting the board in the matter of equalizing and revising property values for the purpose of taxation in the county. The second cause of action involves the legality of the employment of an assistant district attorney. The third cause of action involves the legality of the employment, under a resolution of the board of supervisors, of legal counsel to assist the district attorney in defending certain applications which had been made for the diversion of the water of Trinity River, the Middle Fork of the Eel River and Thatcher and Elk Creeks to places outside of the county of Humboldt, which diversions, it was claimed, would seriously injure the public interests of the

73 Cal. App.—33

county. These three separate and distinct causes of action were all joined in the one complaint, and in each of the three causes of action three distinct grounds for relief were stated: an action for an injunction, an action for an accounting, and an action for the specific recovery of money.

The demurrer of the defendants who were joined in the amended complaint was both general and special. Among the grounds specified in the special demurrer are the want of legal capacity on the part of the plaintiff to maintain the action and the improper union of several causes of action as heretofore pointed out. [1] Upon the grounds assigned in the general demurrer the action of the trial court in sustaining the demurrer was proper and the failure of the plaintiff to ask leave to amend in this respect justified the entry of judgment in favor of the defendants. In this connection we refer to the absence of any allegation of demand upon or refusal of the district attorney as a duly constituted legal officer of the county to maintain the action for the recovery of the moneys alleged to have been illegally expended and for the prevention of further illegal expenditures. Section 4005b of the Political Code provides that "Whenever any board of supervisors shall, without authority of law, order any money paid as salaries, fees or for any other purpose, and such money shall have been actually paid; . . . the district attorney of such county is hereby empowered, and it is hereby made his imperative duty, to institute suit in the name of the county . . . to recover the money so paid, . . . and no order of the board of supervisors therefor shall be necessary to maintain such suit." The same section authorizes similar proceedings on the part of the district attorney to restrain the payment of such moneys. In *Burr v. Board of Supervisors*, 96 Cal. 210, 213 [31 Pac. 38, 39], our supreme court affirmed an order of the superior court sustaining a general demurrer to the petition of a taxpayer seeking to review an order of the board of supervisors allowing a certain claim against the county which was alleged to be illegal. The rule of that case is that by virtue of the provisions of section 8 of the County Government Act of 1897 (sec. 4005b, Pol. Code, as quoted above) a plain, speedy and adequate remedy was available to the petitioner by complaint to the district attorney and that the petition failed to state facts sufficient to

constitute a cause of action in that it did not show that any information of an alleged wrong had been laid before the district attorney or that he had failed to perform his statutory duty. In this connection the supreme court said: "To say the least, the interest which a mere taxpayer has in the matter does not entitle him to bring suit in his own name until after the district attorney has refused to perform the duty enjoined upon him." In *Keith* v. *Hammel,* 29 Cal. App. 131, 135 [154 Pac. 871, 872], in an action in *mandamus* to compel the sheriff of the county of Los Angeles to pay into the county treasury certain fees which the petition alleged had been illegally retained by the sheriff, the district court of appeal of the second district, following the rule in *Burr* v. *Board of Supervisors, supra,* held that the petition failed to state a cause of action because it was not alleged therein that demand had been made upon the proper county officers to commence and prosecute the proceeding and that they had refused to do so. In the Keith case the appellate court referred to section 526a of the Code of Civil Procedure, which authorizes a taxpayer's action against public officers to obtain a judgment restraining and preventing certain described illegal expenditures. The court pointed out the proviso in section 526a to the effect that its provisions did not affect any right of action in favor of a county, city or public officer. It was then said that "From the many decisions of the courts of this and other states dealing with this subject, we derive the principle that in the conduct of the ordinary business of a county or city, where the care and protection of the rights of the corporation have been committed to public officers, the primary right goes with the duty belonging to those officers to control the ordinary business of the corporation without the interference of private citizens, even though they be taxpayers." It was further said that it was not necessary for the court to determine whether the officers of the county were exercising wise discretion by refusing to commence the action because there was no intimation in the petition that they had refused or neglected to do so. The same may be said as to the amended complaint in the case before us. There is no intimation that the district attorney had refused to institute the action for the recovery of the alleged illegal expenditures and it is not sufficient to say that a demand upon him would have

been unavailing because of interest which he may have had in the second and third alleged causes of action. We are not permitted to assume that because he did not commence a similar action he thereby neglected to perform a duty which the statute imposes upon him as the official legal officer of the county. On the other hand we are required to presume that he has performed his official duty until the plaintiff alleges facts to the contrary. For these reasons the amended complaint fails to state a cause of action and this defect goes to each of the three alleged causes of action.

[2] In addition to this the demurrer was properly sustained upon the special ground of misjoinder of actions. Though the main reliance of the defendants is placed upon the specifications in their special demurrer, the plaintiff has been content to argue the general question of the constitutionality of certain statutes and acts of the board of supervisors as arising under the general question of the sufficiency or legality of the claims which are under attack. He has not answered any of the arguments raised by the defendants in their special demurrer; he has failed to file any brief in reply to respondent's brief, and did not appear at the oral argument to support his appeal. For these reasons we are compelled to make our own assumptions as to what position the plaintiff might take in response to the attack upon his complaint by the special demurrer. The causes which may be united are specified in section 427, Code of Civil Procedure. We assume that it would not be contended that plaintiff's causes of action come under any of the first seven subdivisions of this section, but that they come under the provisions of subdivision 8, which reads: "Claims arising out of the same transaction, or transactions, connected with the same subject of action, are not included within one of the foregoing subdivisions of this section." Turning to the amended complaint, it appears that the first alleged cause of action relates to the employment of three named individuals as assistants to the board of supervisors in the matter of the equalization and revision of property valuations for the purpose of the assessment and levying of taxes; the second alleged cause of action relates to the employment of a deputy district attorney; the third cause of action relates to the employment of special counsel for a special proceeding pending before the state water commission. No two of the

claims involved in the three alleged causes of action arise out of the same transaction, nor are they connected with the same subject matter of the action. In addition to this, section 427 provides that all the causes of action so united "must affect all the parties to the action." It must be apparent that if the plaintiff had complied with the mandatory provision of section 382, Code of Civil Procedure, to the effect that "Of the parties to action, those who are united in interest must be joined as plaintiffs or defendants," he would have joined as parties defendant to the first cause of action the three persons whom he names in his complaint as having been illegally employed by the board of supervisors, and would have joined as a party defendant to the second cause of action the person whom he names therein as having been illegally employed as deputy district attorney, and would have joined in the third cause of action the person whom he names therein as having been illegally employed as special counsel to assist the district attorney. If a demurrer had been interposed by the defendants for the nonjoinder of these persons it must have been sustained under the well-settled rule stated in *Rowland* v. *Horst,* 188 Cal. 772, 778 [207 Pac. 373, 375]. "Necessary parties to an action in the capacity of defendants are those who are interested in resisting the demands of the plaintiff either immediately or consequently and whose rights would be prejudicially affected by the controversy." Though the demurrer did not raise the ground of nonjoinder of parties defendant, we refer to this fact as illustrating the complete distinction between the three alleged causes of action and the inapplicability of the code sections authorizing the joinder of several causes of action in the same complaint.

[3] In addition to this, several causes of action are joined in the same complaint and have not been separately stated as required by section 427, Code of Civil Procedure. We have in each of the three counts, or causes of action, a suit for injunction to restrain the payment of claims alleged to be illegal, a suit for an accounting to determine the amount of money which is claimed to have been illegally paid, and a suit to recover on behalf of the county moneys which are alleged to have been illegally expended. [4] Plaintiff's suit for an injunction is one which is properly brought by the taxpayer in his own right within the provi-

sions of section 526a, Code of Civil Procedure. **[5]** The suit to recover the moneys alleged to have been illegally expended is a suit brought by the taxpayer on behalf of the county, the taxpayer standing in the relation of a minor stockholder of a corporation. He does not sue in his own right, so to speak, but sues for the county to recover moneys which he alleges have been illegally diverted from the county funds. This right of action is recognized in the decisions of our supreme court, though not specially granted by statute. (*Osburn* v. *Stone,* 170 Cal. 480, 482 [150 Pac. 367]; *Mock* v. *City of Santa Rosa,* 126 Cal. 330, 349 [58 Pac. 826].)

**[6]** In so far as the complaint seeks an accounting of the moneys paid out on the claims alleged to have been illegally paid, there is a failure to state facts sufficient to constitute a cause of action because it is alleged that these payments were all made by the county treasurer upon warrants approved by the county auditor, and these, being matters of public record, were available to the plaintiff. It would have been an easy matter for him to have examined these records and to have pleaded the amounts claimed to have been illegally paid rather than to place this burden upon the trial court under the guise of a suit for an accounting.

The appellant insists that, notwithstanding the defects in his complaint (and from his failure to defend it we may assume that he concedes that these defects are present) he should have been permitted to amend, and that the trial court abused its discretion in entering judgment for the defendants without giving such leave to the plaintiff. The difficulty confronting the plaintiff on this point is that the record does not disclose that he asked leave to amend or that permission was denied him by the trial court. **[7]** The granting of leave to amend after a demurrer is sustained is, of course, a matter resting primarily in the discretion of the trial court. The refusal to grant such permission will not be disturbed upon appeal in the absence of a showing of abuse of that discretion. (*Kleinclaus* v. *Dutard,* 147 Cal. 245, 252 [81 Pac. 516]; *Stewart* v. *Douglass,* 148 Cal. 511, 512 [83 Pac. 699].) **[8]** Where, therefore, the record fails to disclose that leave to amend was requested and that the application was denied by the trial court we must assume that no offer of an amendment was made, for otherwise we would

be asked to hold that there was an abuse of discretion on the part of the trial court in denying something that was never sought until after the appeal was taken. (*Mullarky* v. *Young*, 9 Cal. App. 686, 690 [100 Pac. 709]; *Simons* v. *Pacific Gas & Electric Co.*, 64 Cal. App. 74, 78 [220 Pac. 425]; *Whyte* v. *City of Sacramento*, 65 Cal. App. 534 [224 Pac. 1008].)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.