[Civ. No. 6781. Second Appellate District, Division One.—October 30, 1931.]

G. T. PFLEGER, Appellant, v. CARL E. JOHNSON, Respondent.

 

 

Clay & Handy for Appellant.

Loyd Wright and Charles E. Millikan for Respondent.

CONREY, P. J.—Plaintiff appeals from a judgment entered pursuant to an order sustaining demurrer to complaint without leave to amend complaint. The action was commenced on the eighth day of April, 1929. The essential facts of the case as stated in the complaint are as follows: On the twenty-first day of July, 1920, the plaintiff and the defendant severally were stockholders of a corporation entitled U. S. Electrical Manufacturing Company. On that day the defendant told the plaintiff that he and one Steele were endeavoring to purchase all of the outstanding stock of the company, with the ultimate object of transferring its assets and business to a new corporation which defendant would cause to be formed; that if plaintiff would sell his stock to defendant and Steele for the sum of $2,459.05, that at such time as defendant and Steele had purchased the remaining outstanding stock of the old corporation, and as soon as reasonably convenient thereafter, they would form a new corporation and would convey to the new corporation the assets and business of the old corporation, and cause to be issued to themselves stock of the new corporation of a par value to the value of the assets and business; and that upon the completion of said transaction defendant would transfer to plaintiff, or cause to be transferred to plaintiff, of the stock issued for the transfer of said business and assets, an amount which would bear the same relationship to the stock so issued to defendant and Steele as the stock held by

the plaintiff in the old corporation would bear to the outstanding stock of the old corporation as of the date of transfer of the assets to the new corporation, and would do the same upon the plaintiff's payment to the defendant of the sum of $2,459.05. The complaint alleges that pursuant to the foregoing offer and representations on the part of the defendant, the plaintiff transferred to defendant and Steele said shares of stock and did receive therefor said sum of money; that the defendant and said Steele did finally and with great difficulty accomplish the purchase of all the outstanding stock of the old corporation and did purchase the last of the stock so purchased on or about May 5, 1926; that in January, 1927, the defendant caused said proposed new corporation to be formed for the purpose of taking over the assets and business of the old corporation, but that such assets and business have not been transferred to the new corporation and the new corporation has not now or never has had any assets; and that no stock in said new corporation has been issued to defendant and Steele or at all, except three qualifying shares, and that defendant has not transferred or caused to be transferred to plaintiff any stock in the said new corporation. The complaint further alleges that on or about the first day of August, 1927, the defendant transferred and disposed of all of his stock in the old corporation, and thereby made it impossible for him to perform his engagement herein alleged, and did fully abandon the same; that at the said time if the assets of the old corporation had been transferred to the new corporation and there had been issued to plaintiff the amount of stock he would have received, had the defendant performed his engagement herein alleged, the said stock would have been of the value of $16,153.23. On the foregoing facts plaintiff demanded judgment in the sum of $13,694.18, damages.

It will be seen that nine years before the commencement of this action the plaintiff sold to defendant and another person plaintiff's stock in the old corporation, at a cash price which presumably was the substantial value thereof. There is no direct allegation of facts which would be sufficient to constitute a contract for the formation of the new corporation or for the transfer of the assets from one corporation to another; or that the plaintiff agreed to buy the stock in the new corporation at any time.

■ Concerning the representations of defendant as alleged to have been made in July, 1920, the complaint says that the defendant told plaintiff that defendant and Steele "would form a new corporation and would convey to said new corporation the assets and business of the old corporation". It is not alleged or claimed that Steele made any such promise or that defendant had any authority to make such promise on behalf of Steele. The promise, therefore, was one which could not be performed by the promisor alone. There is no allegation that the promise was made in bad faith, or that defendant did not in good faith intend to obtain performance of the thing promised.

On the face of the complaint, notwithstanding the indefiniteness of its allegations, it is apparent that if defendant committed any breach at all of the alleged contract, such breach occurred more than two years before the filing of the complaint in this action. At least, performance was due in January, 1927, if obligatory at all. Therefore, the court did not err in sustaining the demurrer to the complaint upon the ground that the cause of action was barred by the statute of limitations (Code Civ. Proc., § 339), as well as upon the other grounds of demurrer.

■ The court did not err in sustaining the demurrer without leave to amend complaint, in the absence of any request for permission to amend or any indication that there could be a successful amendment. (*Simons* v. *Pacific Gas & Elec. Co.*, 64 Cal. App. 74 [220 Pac. 425]; *Hansen* v. *Carr*, 73 Cal. App. 511 [238 Pac. 1048].)

The judgment is affirmed.

Houser, J., and York, J., concurred.