[Civ. No. 17067. Second Dist., Div. One. Oct. 31, 1949.]

VERNA V. O'BRYANT et al., Respondents, v. GORDON BOSSERMAN, Appellant.

Ernest P. Morgan for Appellant.

Arthur T. Stewart for Respondents.

DORAN, J.—The complaint herein, as finally amended, alleges that since the year 1939 the parties "have had dealings together and as a result of which they have acquired and hold (real) property in which they cannot agree as to their respective interests"; that the record title thereto is held by the plaintiff, Verna V. O'Bryant, as trustee, but that

"she recognizes that plaintiffs and defendant have interests as tenants in common," making it necessary that such interests be determined and a partition ordered. The defendant (appellant) claims to be the sole owner and denies that the plaintiffs have any interest whatsoever in the property.

It appears from evidence adduced at the trial, that the three parties involved, Mr. and Mrs. O'Bryant, plaintiffs herein, and Mrs. O'Bryant's brother, the defendant Gordon Bosserman, came to California from Texas in 1936 and for a time lived in a rented house. In 1938 the defendant purchased the two lots here involved, paying $120 on the purchase price of $300. Thereafter a loan of $1,700 was procured, a house was built on the property and occupied by the parties. Title was taken in the name of the defendant who executed the trust deed, but notes secured by the trust deed were signed by all parties. Later the defendant sold an automobile and applied $350 therefrom on the loan. In May, 1942, the defendant entered the army; after the latter's discharge in 1945 the balance of the loan, $749, was paid off in a lump sum by the plaintiffs. Appellant's brief affirms that "All of the parties testified that there was no conversation as to the interests of the other in the property at the time of the final pay off of the loan."

According to appellant's brief, "In late June, 1946, a difficulty arose among the parties, and the plaintiff Verna V. O'Bryant who had in her possession, unrecorded, a power of attorney from defendant given to her during the period of his service, executed a deed to herself as trustee of the premises" and recorded the power of attorney and deed. This was the condition of the title at the time the present action was brought.

The trial court found that all parties hereto had contributed a sum total of $3,237.67 for the purchase, construction, improvement and preservation of the property, of which the plaintiffs had jointly contributed $2,044.81 against which was chargeable the sum of $717.50 "for rent for the time they occupied the property to the exclusion of defendant," making plaintiffs' net contribution $1,327.31; that the defendant had contributed $1,192.86. Plaintiffs were therefore adjudged to be "the equitable owners of a 52.68 per cent interest in said property and defendant of a 47.32 per cent interest therein." An interlocutory judgment of partition was accordingly entered, and it is from this judgment that the defendant has appealed.

Appellant's brief presents the following points: (1) "The complaint does not state facts sufficient to state a cause of action"; (2) "The findings of fact, conclusions of law and interlocutory judgment are erroneous and not supported by the evidence"; (3) "The evidence offered in support of the complaint is so contradictory and uncertain that a judgment based thereon must be reversed."

In reference to appellant's first point, it is urged that the complaint fails to state a cause of action for the reason that one of the plaintiffs, Verna V. O'Bryant is alleged to and does hold the legal title as a trustee, and that a trustee is "not one of the persons enumerated in Section 752 of the California Code of Civil Procedure who could maintain an action for partition." In this connection is cited *Varni* v. *DeVoto,* 10 Cal.App. 304 [101 P. 934], wherein it is said that "One cannot, of course, by a suit for partition, put an end to an express trust or defeat its lawful purpose, nor usurp the functions of the trustee."

The present situation does not, however, fall within the purview of the above rule, and as respondents' brief points out, the action was not instituted by the self-appointed Verna V. O'Bryant as a trustee, but was brought by Mr. and Mrs. O'Bryant "suing in their individual right as owners of an interest in the property sought to be partitioned." The appellant's answer denied that either plaintiff has any interest in the property or that Mrs. O'Bryant has any "interest, right or title . . . either as trustee or otherwise." And the record discloses that contribution has been made by all parties resulting in an equitable interest in the property requiring partition. Under these circumstances plaintiffs' complaint seeking a determination of the respective interests cannot be deemed insufficient nor the judgment uncalled for.

Appellant's contention that the findings and judgment "are erroneous and not supported by the evidence," does not find support in the record. It is true that the evidence was in conflict, that the appellant claimed to be the sole owner of the property, and that the trial court determined the respective interests of the parties without referring the matter to a referee. However, as stated in respondents' brief, "A great deal of time was taken, without objection, in getting at the facts as to the contributions of the respective parties . . . . The Court appeared to have reached the conclusion that, with conflicting testimony at

many points, and endless detail involved, that the Court had as clear an idea . . . as a referee would probably be able to arrive at after an extensive and expensive investigation." In all this, there has been pointed out nothing which could in any way justify a reversal.

Nor can it be said, as appellant's brief avers, that the evidence "is so contradictory and uncertain that a judgment based thereon must be reversed." As hereinbefore indicated, the evidence was in conflict, but as appellant's brief admits, "considerable latitude must be given to a trial court in deciding such a question of fact." The authorities submitted by appellant deal with factual situations dissimilar to those here involved and present nothing requiring a reversal herein.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1949.