[L. A. No. 4611. Department One.—August 2, 1918.]

## ELON G. GALUSHA, Appellant, v. A. R. FRASER et al., Respondents.

PLEADING—AMENDMENT—DISCRETION OF COURT.—Under section 472 of the Code of Civil Procedure a plaintiff has the right to amend his complaint once, without leave of court, after a demurrer is filed to it, provided he does so before the demurrer is presented to the court for decision; but if a demurrer is sustained, the defendant is entitled to judgment forthwith, unless the court, in its discretion, gives the plaintiff leave to amend; and, while the court should exercise its discretion liberally in favor of an application to amend, the privilege of amending at that stage of the proceeding does not become a right unless the circumstances are such that it would be an abuse of that discretion to refuse to allow it.

CONTRACT—DAMAGES FOR BREACH—NONLIABILITY.—Where a contract for the sale of a lot was entered into by certain individuals and before the final payment of the purchase price a certain company entered into an agreement with the purchaser, providing that in consideration of the final payment the company would put in all the improvements on the tract of land of which the lot was a part specified in the agreement of sale, the breach of this contract cannot be made the basis of an action for damages, or a charge of fraud against the sellers, where they did not execute it, and it does not appear that they are in any manner bound by it, or concerned with its performance, so far as the purchaser is concerned.

ACTION FOR FRAUD—ACTION ON LIABILITY NOT FOUNDED ON WRITTEN CONTRACT—STATUTE OF LIMITATIONS.—In an action to recover damages on account of fraud and deceit alleged to have been perpetrated upon plaintiff inducing her to purchase a certain lot of land, if the complaint states a cause of action for relief on the ground of fraud, the period of limitation would expire at the end of three years from the time when the action accrued, or from the discovery of the fraud; but if it states a cause of action for damages upon a liability not founded upon a contract in writing, and unmixed with a claim for relief on the ground of fraud or mistake within the meaning of section 338 of the Code of Civil Procedure, the action would be barred after two years from the time it accrued by the provisions of section 339 of the Code of Civil Procedure.

ID.—DISCOVERY OF FRAUD—STATUTE OF LIMITATIONS—PLEADING.—Where the plaintiff sues for relief on the ground of fraud and seeks exemption from the three years period of limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show that he did not discover the fraud until within

the three years next before the action was begun, and that the fraud was committed under such circumstances that he would not be presumed to have knowledge of it at the time, but he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge, so that the court may determine from the allegations of the complaint whether the discovery was within that period.

ID.—TIME OF COMMENCEMENT OF ACTION—PRESUMPTION.—In an action for damages on account of fraud and deceit alleged to have induced the purchase of a lot of land, where the record failed to show when the action was begun, in the absence of a showing to the contrary, it will be presumed, if necessary in order to support a judgment dismissing the action entered after sustaining a demurrer to the complaint, that the action was begun at the latest possible time prior to the filing of a second amended complaint, and where this time was more than three years prior to the time at which the alleged fraud was discovered by the plaintiff, the action was barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Charles Cassat Davis, and A. G. Reily, for Appellant.

Anderson & Anderson, for Respondents.

SHAW, J.—The plaintiff appeals from the judgment.

The object of the action was to recover damages on account of fraud and deceit alleged to have been perpetrated by the defendants upon the plaintiff and his predecessor in interest, whereby they were induced to purchase a lot in the Silver Strand tract, near Ocean Park, from the defendants A. R. Fraser, G. M. Jones, and H. R. Gage. The Guaranty Realty Company is also made a party defendant. Fraser, Jones, and Gage filed a joint demurrer to the second amended complaint on two grounds, namely, that it did not state facts sufficient to constitute a cause of action, and that the action was barred by the statute of limitations, referring to sections 338 and 339 of the Code of Civil Procedure. The court sustained the demurrer without leave to amend and thereupon entered judgment dismissing the action as against the defendants Fraser, Jones, and Gage.

The claim of the plaintiff that the court erred in refusing leave to amend when the demurrer was sustained is without merit. Under section 472 of the Code of Civil Procedure a plaintiff has the right to amend his complaint once, without leave of the court, after a demurrer is filed to it, provided he does so before the demurrer is presented to the court for decision. But if the demurrer is sustained, the defendant is entitled to judgment forthwith, unless the court, in its discretion, gives the plaintiff leave to amend. It is true that a court should exercise its discretion liberally in favor of an application to amend; but the privilege of amending at that stage of the proceeding does not become a right unless the circumstances are such that it would be an abuse of that discretion to refuse to allow it.

The complaint alleges that on June 29, 1905, Margaret E. Galusha, from whom plaintiff derives title, agreed in writing to purchase the lot from the defendants, Fraser, Jones, and Gage; that on January 30, 1906, before she had fully paid the price, she died and her right and title thereupon devolved upon plaintiff, as heir or devisee, and that he completed the purchase; that to induce her to buy the lot the defendants represented to her that they would make certain improvements of the Silver Strand tract, of which said lot was a part, which, if made, would greatly enhance the value of the lot. These improvements are particularly described in the complaint. It is not necessary to give the details here. It is alleged that the defendants failed and refused to make said improvements, except a small part thereof.

Before the plaintiff made the final payment of the purchase price, he and the Guaranty Realty Company, on September 20, 1906, executed an agreement whereby in consideration of said final payment the Guaranty Realty Company agreed to "put in all the improvements on said tract as specified in agreement between Fraser, Jones & Gage and the Guaranty Realty Company, which includes grading the property, bulkheads along the lagoon, sewer, sidewalks, bridges over lagoons, and staking out of lots when desired for building purposes; and the water, gas, and electricity will be put in by the city as required by building necessities." The terms of the agreement between Fraser, Jones & Gage and the Guaranty Realty Company relating

to improvements, thus referred to, are not alleged or stated in any part of the complaint other than by the above-quoted passage from the agreement aforesaid.

It is further alleged that plaintiff repeatedly demanded of the defendants that they make the improvements above described and that defendants repeatedly promised that they would do so; that in June, 1910, plaintiff demanded of Fraser that the improvements be made as promised, whereupon Fraser refused to make any improvements unless the plaintiff would agree in writing to build a house upon said lot, which plaintiff declined to do until defendants made the improvements; that until said refusal of Fraser the plaintiff believed in the honest intentions of the defendants as to said improvements, but the long delay and the final refusal of Fraser satisfied him that he had been deceived. Damages are laid in the sum of three thousand five hundred dollars.

The second amended complaint was filed on November 18, 1914. The record fails to show when the action was begun and the parties in their briefs do not advise us of the date of filing the original complaint. It is not claimed that it was begun within three years after June, 1910. Moreover, in the absence of a showing to the contrary, we will presume, if necessary to do so in order to support the judgment, that the action was begun at the latest possible time prior to the filing of the second amended complaint. This would make it later than June, 1914.

The breach of the contract alleged to have been executed between plaintiff and the Guaranty Realty Company cannot be made the basis of an action for damages, or a charge of fraud against the defendants, Fraser, Jones & Gage, since they did not execute the contract, and it does not appear that they are in any manner bound by it, or concerned with its performance, so far as plaintiff is concerned.

If the complaint states a cause of action for relief on the ground of fraud, the period of limitation would expire at the end of three years from the time when the action accrued, or from the discovery of the fraud. (Code Civ. Proc., sec. 338.) If it states a cause of action for damages upon a liability not founded upon a contract in writing, and unmixed with a claim for relief on the ground of fraud or mistake within the meaning of section 338, then the action

would be barred after two years from the time it accrued, by the provisions of section 339 of the Code of Civil Procedure.

Where the plaintiff sues for relief on the ground of fraud and seeks exemption from the three years period of limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show that he did not discover the fraud until within the three years next before the action was begun and that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge, so that the court may determine from the allegations of the complaint whether the discovery was within that period. (*Lady Washington* v. *Wood,* 113 Cal. 487, [45 Pac. 809].) It is doubtful if the plaintiff has brought himself within this rule. But we need not determine the sufficiency of the facts stated to show his ignorance of the fraud prior to June, 1910. He avers that at that time he became fully aware of it. The period of limitation began to run at that time if not before, and it expired in June, 1913. This was at least a year before the action was begun, according to the presumption which we must indulge, as above stated, in favor of the judgment. The action was therefore barred and the demurrer was properly sustained.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.,* concurred.

Hearing in Bank denied.