[L. A. No. 5235. Department Two.—August 25, 1919.]

## EMMA L. NICHOLS, Appellant, v. THOMAS MOORE et al., Respondents.

[1] FRAUD—STATUTE OF LIMITATIONS—PLEADING.—In an action to recover damages for fraud, it is necessary for the party seeking to avoid the bar of the statute of limitations to affirmatively plead facts excusing the failure to make an earlier discovery of the facts or fraud relied upon, and the mere averment of ignorance of a fact which a party might with reasonable diligence have discovered is not enough to postpone the running of the statute.

[2] ID.—ACTION FOR DAMAGES—EXCHANGE OF LANDS—DELAY IN DISCOVERY OF FALSE REPRESENTATIONS—SUFFICIENCY OF FACTS AND CIRCUMSTANCES.—In an action to recover damages for fraud in securing a contract by which plaintiff transferred a valuable orange grove in this state for lands in another state which were absolutely valueless, but falsely represented to be covered with timber and valuable for agriculture when cleared, the plaintiff cannot be charged with lack of diligence in not discovering the fraud for a period of twelve years, where she did know something of the surrounding lands, and had knowledge that they were valuable timber lands and that the land in question was located in such a district, coupled with the fact that such land does not change its character and that under ordinary conditions the only result of a failure to examine the property for twelve years would be that the timber would have had that much more additional growth and been that much more valuable.

[3] EVIDENCE—TIMBER LANDS IN WASHINGTON—JUDICIAL NOTICE.—It is a matter of common knowledge, of which the court will take judicial notice, that there are vast areas of timber lands in the state of Washington.

[4] ACTION FOR FRAUD—DISCOVERY—PLEADING.—In an action to recover damages for fraud in procuring a contract for an exchange of

valuable land for land of no value, the allegation that plaintiff was ignorant of the fraud until she sent her brother to examine the property with a view to a sale of the timber is a sufficient state- ment concerning the discovery of the fraud.

APPEAL from a judgment of the Superior Court of River- side County. H. H. Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

Evans, Abbott & Pearce and Albert D. Pearce for Appel- lant.

Sarau & Thompson for Respondents.

WILBUR, J.—This ·is an action to recover damages for· fraud. Demurrer was sustained to the ·complaint on the ground that the claim was barred by the statute of limitations. The transaction complained of occurred in October, 1904. Plaintiff alleges that the fraud was first discovered by her in October, 1916, a few months before the bringing of the action. [1] As stated in *Bradbury* v. *Higginson,* 167 Cal. 553, 558, [140 Pac. 254], and cases therein cited, it is necessary for the party seeking to avoid the bar to affirmatively plead facts excusing the failure to make an earlier discovery of the mis- take or fraud·relied upon, citing *Dennis* v. *Bint,* 122 Cal. 39, [68 Am. St..Rep. 17, 54 Pac. 378] ; *Harrington* v. *Paterson,* 124 Cal. 542, [57 Pac. 476] ; *Lady Washington Co.* v. *Wood,* 113 Cal. 482, [45 Pac. 809]. As was there said: "But a mere averment of ignorance of a fact which a party might with reasonable diligence have discovered is not enough to postpone the running of the statute. (*Hecht* v. *Slaney,* 72 Cal. 363, [14 Pac. 88] ; *Burling* v. *Newlands,* 112 Cal. 476, [44 Pac. 810] ; *Lady Washington Co.* v. *Wood,* 113 Cal. 482, [45 Pac. 809] ; *Tracy* v. *Muir,* 151 Cal. 363, [121 Am. St. Rep. 117, 90 Pac. 832].)" In *Phelps* v. *Grady,* 168 Cal. 75, 77, [141 Pac. 926, 928] , the rule stated in *Wood* v. *Carpenter,* 101 U. S. 135, [25 L. Ed. 807, see, also, Rose's U. S. Notes], concerning pleadings in such cases, is cited and approved as the rule "consistently adopted and adhered to in this state," citing *Robertson* v. *Burrell,* 110 Cal. 578, [42 Pac. 1086] ; *Lady Washington Co.* v. *Wood,* 113 Cal. 485, [45 Pac. 809] ; *Simpson* v. *Dalziel,* 135 Cal. 603, [67 Pac. 1080] ;

*People* v. *San Joaquin etc. Assn.,* 151 Cal. 797, [91 Pac. 740].
In order to determine the question whether or not the plain-
tiff has shown reasonable diligence to acquaint herself with
the facts constituting the fraud and, therefore, whether her
claim is barred by the statute of limitations, it will be neces-
sary to state some of the facts and circumstances concerning
the fraud alleged and the discovery thereof. The complaint
is based upon defendants' fraud in securing a contract by
which plaintiff transferred an orange grove in Riverside,
California, worth ten thousand dollars and returning an in-
come of a thousand dollars a year, for defendants' land in
the state of Washington, which is absolutely valueless. At
the time of the transaction plaintiff was living in Ohio and
the defendants were living in Riverside. The negotiations
were conducted by correspondence. The false representa-
tions which induced the plaintiff to transfer her land were
numerous, among others that the land was worth twenty-five
thousand dollars, and that the land was covered with timber,
having at least five million two hundred thousand feet of
timber of first-class quality, and, in addition thereto, other
growing timber; that it was accessible to water transporta-
tion, and that when cleared the land was valuable for agri-
culture. The lands were more or less inaccessible and known
as wild lands. At the time of the representations and trans-
fer there was no timber on the land. Whatever timber there
had been thereon had been burned off. The land was value-
less for agriculture. The allegations by which plaintiff justi-
fies her failure to discover the fraud from the date of the
transaction to October, 1916, and the circumstances concern-
ing the discovery, are to the effect that during the negotia-
tions leading up to the transfer the defendants sent a letter
to her from one J. A. Wittrow, who signed himself as a
"cruiser," written upon the letter-head of the Bank of
Callum County, Port Angeles, Washington, whose president
subsequently acknowledged the signature to the deed which
was delivered to plaintiff at the time of the transfer of the
land to her. That by this representation so conveyed to her
she was lulled into a false sense of security; that she was
unacquainted with the basis upon which assessments were
made for taxes in that neighborhood and that, therefore, the
tax bills did not advise her of the fraud; that she was ac-
quainted with lands in the vicinity of the lands in question

and knew that they were timber lands containing valuable timber; that she had bought the property as an investment for herself and children, and that the defendants knew that it was her desire to purchase the property for such purpose, and that she held the same as investment until 1916, when she had her brother investigate the property. She alleges that from the time of the transaction till that date she was at all times in the state of Ohio and never in the state of Washington; although she had been in the state of Washington before or at the time of the transaction in question. Without considering other items of fraud alleged regarding the vicinity of the land to navigable water and its availability for agricultural purposes after it had been cleared, the question resolves itself into this: Was there anything in the situation that put the plaintiff on inquiry or required her to investigate the question as to whether or not the land had been denuded of its timber by fire before she acquired it? If the plaintiff had no knowledge whatever regarding the property, it might be said that the failure to investigate for twelve years and her reliance during all that period upon the assertions of strangers was inexcusable and at least came within the principles enunciated in *Phelps* v. *Grady,* 168 Cal. 75, [141 Pac. 926]. **[2]** But the very fact that the plaintiff did know something of the surrounding lands, and did know that there were valuable timber lands and that the land in question was located in such a district, coupled with the fact that such land does not change its character and that under ordinary conditions the only result of a failure to examine the property for twelve years would be that the timber would have had that much more additional growth and be that much more valuable, tended to prevent any inquiry even by a careful person where it involved a long and expensive trip to a more or less inaccessible land. **[3]** It is a matter of common knowledge, of which the court will take judicial notice, that there are vast areas of timber land in the state of Washington. It is also claimed that the plaintiff did not sufficiently allege the facts concerning the discovery. **[4]** The real question, however, is whether or not plaintiff was justified in refraining from making any investigation until she sent her brother in 1916 to examine the property with a view to a sale of the timber thereon. If she was in fact ignorant of the fraud at that time, as she alleges, and as the demurrer

admits, the allegation that she discovered the fraud through the investigation made by her brother at that time is a sufficient statement concerning the discovery. As was said in *Phelps* v. *Grady,* 168 Cal. 75, [141 Pac. 926], "every case of this sort must turn upon its particular facts," and where the alleged fraud of the defendants consisted, among other things, of concealing from the plaintiff the fact that the timber had been entirely burned off the land in question, the plaintiff has sufficiently disclosed by the facts alleged in her complaint that she was not in any way put upon inquiry and that there was nothing to cause her in the exercise of ordinary diligence to examine the land in question, for the mere purpose of determining whether or not the timber that the defendant had represented was on the ground, and which she believed to be there was, in fact, there.

The judgment is reversed.

Lennon, J., and Melvin, J., concurred.