[Civ. No. 5259.   Third Appellate District.—December 11, 1934.]

ROZELLIA O. BROWN, Appellant, v. COOLEY BUTLER et al., Respondents.

C. C. Mishler and F. P. Harrington for Appellant.

Dryer, Castle & Richards for Respondents.

PLUMMER, J.—This cause is before us upon the plaintiff's appeal from a judgment of dismissal entered after granting motions to dismiss and sustaining demurrers interposed by the defendants to the plaintiff's complaint without leave to amend.

The record shows that the plaintiff and Cooley Butler intermarried in the state of Minnesota, on or about the twelfth day of August, 1900, and thereafter continued to be husband and wife until on or about the nineteenth day of May, 1923, when a decree of divorce was entered in the Second Judicial District Court of the State of Nevada, purporting to dissolve the marriage relation then and theretofore existing between the plaintiff and the said Cooley Butler. Preceding the entry of this decree, an agreement was entered into between the plaintiff and the defendant Cooley Butler, purporting to settle, all and singular, their property rights, making provision for the appellant by setting over to her, together with advances theretofore previously made, property of the value of approximately $220,000. The agreement also provides for the dismissal of a certain action for the sum of $80,000, begun by the plaintiff against the defendant Cooley Butler. The agreement also contained, among other things, a stipulation to the effect that the second party to the agreement (being the plaintiff in this action), promised and agreed on behalf of herself, her heirs, executors, administrators, etc., that neither she, nor they, nor any of them would ever at any time whatsoever commence, bring, maintain, prosecute or defend any suit, action, proceeding, or otherwise, against the first party (being the said Cooley Butler, defendant in this action), his executors, personal representatives, etc., or any other person, for the purpose of establishing, or attempting to establish, that she, her executors, etc., had, from and after the execution of this agreement, any right, title, interest or estate in and to any of the property, through or by reason of any alleged fraud, misrepresentation, deceit, undue influence or duress, or otherwise, practiced on her by the first party (being the defend-

ant Cooley Butler), or any person acting in his behalf, in obtaining her consent to the execution of the agreement.

The agreement further sets forth and details the character of the property turned over to the appellant in this action in the settlement as therein agreed upon. This agreement appears to have been referred to and made a part of the decree of divorce.

Subsequent to the execution of this agreement, and some time during the year 1924, the plaintiff began an action in the Superior Court of the County of Los Angeles, praying for a divorce from the defendant Cooley Butler, alleging, among other causes of actions, that the Second Judicial District Court of the State of Nevada had no jurisdiction of the action, by reason of the fact that the plaintiff Cooley Butler, who began the action, was not a resident of the state of Nevada, and had not been a resident thereof for the statutory time required to give the District Court of Nevada jurisdiction of the cause. Upon motion of the defendant Cooley Butler, in the action for divorce so begun by the plaintiff in the Superior Court of the County of Los Angeles, judgment of dismissal was entered therein.

In May, 1932, the present action was instituted by the plaintiff, in the Superior Court of the County of Los Angeles. In addition to interposing a demurrer raising the statute of limitations, and a number of other grounds which we need not specify, the defendants interposed motions to dismiss the action, setting forth thirteen separate grounds upon which the motions were based, four of which we may mention, to wit:

1st. That the action is without merit;

2d. That said action is brought for the purposes of harassing and vexing the defendants, and each of them;

3d. That the filing of said action is an imposition and fraud upon the above-entitled court;

4th. That said action was not instituted in good faith.

It appears that the trial court, upon the hearing of the demurrers and motions interposed by the defendants, permitted the introduction of a number of affidavits, together with certified copies of all the proceedings had in the divorce action prosecuted to judgment in the Second Judicial District Court of the State of Nevada, and likewise, all the proceedings had in the action praying for a divorce, insti-

tuted by the plaintiff against the defendant Cooley Butler, in the Superior Court of the County of Los Angeles. The complaint in the action for divorce filed in the Superior Court of Los Angeles County contains an allegation to the effect that the plaintiff is informed and believes that the defendant, Cooley Butler, and the plaintiff had accumulated property of a value in excess of ten millions of dollars during the time of the continuance of their marriage relation.

The present action prays for a division of property alleged to have been accumulated during the existence of the marriage relation of the plaintiff and the defendant Cooley Butler, alleging that prior to, and on the nineteenth day of May, 1923, said property was of a value in excess of eighteen millions of dollars, $15,179,000 thereof having been accumulated in the state of Minnesota, and then and there being in the state of Minnesota, and $3,477,537.60 having been accumulated in the state of California, and then and there being, on the nineteenth day of May, 1933.

While the briefs of counsel have been both learned and exhaustive in considering the objections raised by the defendants on their motions to dismiss the action, which briefs have been given careful consideration, by reason of views hereinafter expressed upon the subject of the statute of limitations, it is unnecessary to consider the merits of the motions, or the alleged errors of the trial court in relation thereto, further than to state that for the purposes of considering questions raised by demurrer, the allegations of the complaint are taken to be true, which would lead to the conclusion that where a wife's interest being a one-third interest in the property accumulated in the state of Minnesota, and a one-half interest in the property accumulated in the state of California, the total property being valued in excess of eighteen millions of dollars, and a settlement had with the wife by which she receives only the sum of $220,000, an action prosecuted to secure a further portion of the property so accumulated would not on the face of it appear to be prosecuted either without merit or for the purposes of harassing the defendant, or an imposition of fraud upon any court, or that such an action could not be considered as instituted in good faith. We may also add that the actions to which our attention has been called and the certified copies of the pleadings and judgments therein

show. that there has never been an adjudication of the issues tendered in this action.

As to the agreement, a portion of which we have set forth herein, it is sufficient to call attention to the case of *Normile* v. *Denison*, 109 Wash. 205 [186 Pac. 305], where the court, in considering an agreement having a like provision, used the following language: "No exact parallel case is called to our attention, but it is generally held that a stipulation in a contract that false or fraudulent representations, by which one party has induced the other to enter into it, shall not affect its validity, is, in itself, invalid and cannot operate by estoppel. (*Berrendo Irrigated Farms Co.* v. *Jacobs*, 23 N. M. 290 [168 Pac. 483]; *Hofflin* v. *Moss*, 67 Fed. 440 [14 C. C. A. 459].)" The same case is again reported in 116 Wash. 452 [199 Pac. 995]. By reason of the fact, however, that our views concerning the bar of the statute are conclusive, we need make no ruling upon the alleged error of the court in relation to the motions interposed by the defendants.

Subdivision IV of section 338 of the Code of Civil Procedure, limiting causes of action which may be brought within three years, specifies that a cause of action based upon fraud or mistake is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

The complaint in the present action sets forth that long prior to, and on or about the nineteenth day of May, 1923, the plaintiff inquired and investigated and employed attorneys at law to make, and they did make inquiries and investigations, with all reasonable diligence, in efforts to ascertain the quantity, nature, extent, location and value, or values of the community properties of the plaintiff and the defendant Cooley Butler, and that neither the plaintiff herein, nor her attorneys, were able to ascertain the nature, location, or extent thereof, save and except of properties of the value of about three millions of dollars. It is further alleged that the defendant Cooley Butler and his attorneys fraudulently and falsely, and with intent to deceive the plaintiff, stated and represented to the plaintiff and her counsel that said properties and said values constituted all of said community properties of plaintiff and defendant,

and that the plaintiff and defendant Cooley Butler did not own or have other properties whatsoever.

The complaint further alleges that she is informed and believes that such statements and representations were, and each of them was, false, fraudulent and untrue, and were made for the purpose, and with the intent of depriving the plaintiff of her share of the community property.

It is further alleged that the plaintiff relied thereon, and would not have otherwise signed the agreement to which we have referred. It is further alleged that the plaintiff was not, prior to, on or after the nineteenth day of May, 1923, informed or advised, nor was she permitted to know, and the plaintiff did not at any time know of what properties said community property of said parties consisted, or where the same, or any part thereof, was situate, other than the personal property mentioned and described in that certain trust declaration dated the eighteenth day of May, 1922. The property set forth in the trust agreement is then listed in the complaint. Following this allegation we find paragraphs VI and VII, which are identical in language, as follows: "That within one year next preceding the commencement of this action, but not prior thereto, plaintiff first learned that the plaintiff and the defendant Cooley Butler had, prior to the 19th day of May, 1923, accumulated, and that on and prior thereto they were the owners of the community properties herein described." The complaint then described six tracts of land situate in the county of Los Angeles, of the value of $223,800, and buildings in the county of Los Angeles of the value of $42,450. Following this the plaintiff sets forth in her complaint a long list of stocks, bonds and interest in different corporations in which the defendant Cooley Butler was alleged to be an owner, amounting in value, as we have stated, to $15,179,000 on the nineteenth day of May, 1923.

The complaint is absolutely silent as to any investigation made, or attempted to be made, by the plaintiff to ascertain the properties owned by the community and controlled by the defendant Cooley .Butler, on and after the nineteenth day of May, 1923. So far as the defendant Cooley Butler is concerned, there is no allegation in the complaint of any act, either overt or otherwise, at any time after May 19, 1923, tending to prevent the plaintiff from making full dis-

covery of the existence of all of the properties set forth in the complaint which is alleged to have been discovered within one year prior to the beginning of this action. Nor are there any allegations in the complaint, or any facts set forth therein showing, or tending to show, the circumstances of the discovery of the alleged fraudulent concealments and misrepresentations of the defendants, or when and how the plaintiff made the discovery of the existence of certain properties alleged to have been the accumulation by the community prior to May 19, 1923. Nor do we find any allegations in the complaint which tend to show that the existence of the property, and, therefore, of the alleged deceit and fraudulent concealment, might not have been discovered many years before the institution of this action. The complaint does show real estate of the alleged value of $264,250, situate in the county of Los Angeles, owned by the community on the eighteenth day of May, 1923, which, of course, shows that any diligence in searching the record would have disclosed both ownership and location.

The portion of the agreement to which we have referred executed between the plaintiff and the defendant Cooley Butler on the nineteenth day of May, 1923, contained, we think, a sufficient badge of fraud to put any reasonable person upon inquiry as to the existence of other properties than those mentioned in the trust agreement, notwithstanding which nine years have been allowed to intervene between the signing of the agreement and the institution of this action, and according to the complaint, between eight and nine years elapsed before the plaintiff discovered the existence of the additional property alleged to have belonged to the community prior to the nineteenth day of May, 1923.

We find nothing in the complaint accounting for such an unreasonable lapse of time before the discovery of the alleged fraud or the institution of this action. Alleged concealment prior to May 19, 1923, is not sufficient.

Irrespective of whether the complaint otherwise states a good cause of action for fraud, the defects which we have pointed out bring this case clearly within the rule laid down in the case of *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482 [45 Pac. 809]. This case has been followed and reaffirmed innumerable times.

The Supreme Court, in the case of *Consolidated Reservoir & Power Co.* v. *Scarborough et al.*, 216 Cal. 698 [16 Pac. (2d) 268], quotes therefrom as follows:

" 'The right of a plaintiff to invoke the aid of a court of equity for relief against fraud, after the expiration of three years from the time when the fraud was committed, is an exception to the general statute on that subject, and cannot be asserted unless the plaintiff brings himself within the terms of the exception. It must appear that he did not discover the facts constituting the fraud until within three years prior to commencing the action. This is an element of the plaintiff's right of action, and must be affirmatively pleaded by him in order to authorize the court to entertain his complaint. ▬ "Discovery" and "knowledge" are not convertible terms, and whether there has been a "discovery" of the facts "constituting the fraud", within the meaning of the statute of limitations, is a question of law to be determined by the court from the facts pleaded. As in the case of any other legal conclusion, it is not sufficient to make a mere averment thereof, but the facts from which the conclusion follows must themselves be pleaded. It is not enough that the plaintiff merely avers that he was ignorant of the facts at the time of their occurrence, and has not been informed of them until within the three years. He must show that the acts of fraud were committed under such circumstances that he would not be presumed to have any knowledge of them—as that they were done in secret or were kept concealed; *and he must also show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge,* so that the court may determine whether the discovery of these facts was within the time alleged; ▬ and, as the means of knowledge are equivalent to knowledge, if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if allowed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of these facts.'

"The following appears in *Wood* v. *Carpenter*, 101 U. S. 135, 140 [25 L. Ed. 807] : 'In this class of cases the plaintiff is held to stringent rules of pleading and evidence, "and especially must there be distinct averments as to the

time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made'' . . . A general allegation of ignorance at one time and of knowledge at another (is) of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made and why it was not made sooner. . . . A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it. . . . There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself. *The circumstances of the discovery must be fully stated and proved,* and the delay which has occurred must be shown to be consistent with the requisite diligence.'

''The foregoing is quoted with approval in *Phelps* v. *Grady,* 168 Cal. 73 [141 Pac. 926]. Other cases recognizing the above principles are: *Original M. & M. Co.* v. *Casad,* 210 Cal. 71, 74, 75 [290 Pac. 456]; *Newport* v. *Hatton,* 195 Cal. 132, 146 [231 Pac. 987]; *Victor Oil Co.* v. *Drum,* 184 Cal. 226, 239–242 [193 Pac. 243]; *Nichols* v. *Moore,* 181 Cal. 131, 132 [183 Pac. 531]; *Galusha* v. *Fraser,* 178 Cal. 653, 657 [174 Pac. 311].

''The case last above cited clearly and concisely states the law. It is there declared: 'Where the plaintiff sues for relief on the ground of fraud, and seeks exemption from the three years' period of limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show (1) that he did not discover the fraud until within the three years next before the action was begun and (2) that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but (3) *he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge so that the court may determine from the allegations of the complaint whether the discovery was within that period.*' ''

The law as set forth in the foregoing quotation establishes beyond controversy the insufficiency of the complaint in

this action, and the correctness of the trial court in sustaining the defendant's demurrers thereto.

While a large number of other cases might be cited supporting the rule laid down in the Lady Washington case, *supra,* to do so would only unnecessarily lengthen this opinion.

■ Conceding it is possible that the plaintiff, had she so elected, could have amended her complaint so as to establish her right to proceed notwithstanding the staleness of her alleged cause of action, it does not appear that any request was made for permission to file an amended complaint, but that the plaintiff elected to stand upon the complaint just as filed. Under such circumstances this court cannot order a reversal simply because the demurrer was sustained without leave to amend. (*Allen* v. *Stellar,* 106 Cal. App. 67 [288 Pac. 855] ; *Smith* v. *Bentson,* 127 Cal. App. (Supp.) 789 [15 Pac. (2d) 910] ; *Hansen* v. *Carr,* 73 Cal. App. 511 [238 Pac. 1048].)

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 7, 1935.