[Civ. No. 9499. Second Appellate District, Division Two.—March 21, 1935.]

RAYMOND R. HALEY et al., Respondents, v. SANTA FE LAND IMPROVEMENT COMPANY (a Corporation), Appellant.

L. W. Butterfield and H. K. Lockwood for Appellant.

Elliott & Aberle and Robert E. Moore, Jr., for Respondents.

WILLIS, J., *pro tem.* — Respondents, plaintiffs below, brought this action against appellant to recover damages for fraud and deceit in a transaction involving the purchase and sale of lands. The transaction upon which the fraud is predicated took place about January 20, 1926, and the action thereon was commenced October 31, 1932. A general and special demurrer to the amended complaint was overruled, and defendant answered by general and special denials of all the essentials of the complaint, and specially pleaded, among other defenses, the bar of section 338, subdivision 4, of the Code of Civil Procedure, relating to actions for relief on the ground of fraud. Motions for nonsuit and directed verdicts were denied, and a verdict was rendered by the jury in plaintiffs' favor for $18,000, upon which was entered the judgment herein appealed from, after motion for new trial had been made and denied.

Appellant presents on this appeal several questions, embracing claims of error (1) in overruling the demurrer, (2) in denying the motion for nonsuit, (3) in rulings on admission of evidence, and (4) in the giving and refusing of certain instructions. The major contention herein, in the first instance, involves the bar of the statute of limitations pleaded in the demurrer, and in the second instance involves the sufficiency of the evidence to overcome the motion for nonsuit predicated in part on the same statute.

The representations set forth in the complaint, in substance and effect, were that the soil of 18 acres of the 38 acres of land sold to plaintiffs was deep and fertile and well drained, and such part of the property well suited to growing avocados commercially; and that such conditions were shown by explorations and examinations of the soil by boring and taking samples from below the surface by experts employed by defendant. It is then alleged that these representations were false, and that in fact said soil was shallow and underlaid near the surface with a stratum of hardpan, or clay, or rock, or other substance which prevented proper

drainage or left only a shallow stratum of soil from which the trees could derive nourishment and created a condition adverse to growing avocado trees, which caused said trees to shrivel and die for lack of nourishment in the soil and to become impoverished and barren of fruit and to perish and become valueless; that plaintiffs employed defendant to manage and cultivate the lands purchased and to improve the property and to plant avocado trees, and that for a period of one year and up to about June, 1927, defendant cultivated the soil and improved the property and planted avocado trees thereon, and did not at any time notify plaintiffs that said soil and land was any different from that which defendant had previously represented, or that said soil was not deep or fertile or well drained, and that plaintiffs had no means of knowing that said land was other than or different from that as represented until about the month of September, 1932; that said soil conditions lay beneath the surface and could not be detected until the avocado trees were planted and began to grow and improvements placed upon the property; that plaintiffs were ignorant of soil conditions or of land suitable for growing avocados, and relied on defendant's representations that borings on the land had been made by experts which showed the soil to be deep, rich and well drained; that avocado trees were planted and cultivated for several years prior to the disclosure of the conditions referred to; that plaintiffs noticed that the avocado trees were withering and dying; that they had not attained the growth and development that trees of similar age and cultivation under similar conditions in soil favorable to avocado cultivation had attained; that the fruit dropped off, and did not mature; "that when the conditions above mentioned first began to appear the plaintiffs employed the services of an expert who examined the property and the soil and drainage conditions, and who discovered the facts to be as herein alleged, and plaintiffs, for the first time, were informed of the soil conditions herein alleged on or about the 30th day of September, 1932".

By demurrer defendant challenged the sufficiency of facts stated to constitute a cause of action, and pleaded the bar of the statute of limitations supplied by section 338, subdivision 4, of the Code of Civil Procedure, and also attacked the complaint for uncertainty and ambiguity in

respect to (1) why plaintiffs had no means of knowing that said land was other than as represented until about the month of September, 1932; (2) when the avocado trees were planted upon said land and how many years they had been cultivated prior to the discovery of the conditions alleged; (3) when plaintiffs first noticed that said trees were withering or dying, or had not attained the growth and development that trees of similar age and cultivated under similar conditions in soil favorable to avocado cultivation would have attained, or when the fruit dropped off or did not mature; (4) when said conditions first began to appear to plaintiffs; (5) when plaintiffs employed the services of an expert; (6) when said expert examined said soil and conditions; (7) when said expert discovered the facts alleged; (8) why plaintiffs, having the care and control of the property from June, 1927, to September, 1932, did not discover any of the alleged facts which they claim indicated that said land was not as represented, until in September, 1932; (9) whether anything prevented an earlier investigation, and if so, what; and (10) whether all or only part of the soil of said 18 acres was not as represented by defendant.

■ In cases where relief is sought from fraud, by action commenced more than three years after the perpetration of the fraud, the plaintiff is held to stringent rules of pleading and evidence; and especially must there be distinct averments as to the time when the fraud was discovered and what the discovery is, so that the court may clearly see whether by ordinary diligence the discovery might not have been sooner made. A general allegation of ignorance at one time and of knowledge at another is of no effect. If the plaintiff made any particular discovery it should be stated when it was made, how it was made and why it was not made sooner. ■ A party seeking to avoid the bar of the statute must aver and show that he used due diligence to detect the fraud; and if he had the means of discovery in his power he will be held to have known it. The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite reasonable diligence. (*Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268].) He must set forth the times and circumstances under which the facts constituting the fraud came to his

knowledge, so that the court may determine from the allegations of the complaint whether the discovery was within that period. (*Galusha* v. *Fraser,* 178 Cal. 653, 657 [174 Pac. 311].) ■ "Discovery" and "knowledge" are not convertible terms; and whether there has been a proper allegation as to a "discovery" of the facts "constituting the fraud" within the meaning of the statute of limitations is a question of law to be determined by the court from the facts pleaded. (*Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809].)

■ Tested by the rules above laid down in the decisions cited, we are constrained to hold that the amended complaint in the case at bar is deficient, and that the trial court was in error in overruling the demurrers thereto. It may be conceded that the present complaint satisfies the requirements of the rule, in that it alleges that the fraud was discovered within three years of the commencement of the action and that the fraud was committed under such circumstances as to preclude any presumption of knowledge on plaintiffs' part at the time of the commission. But as to the remaining essential to a valid and proper pleading, viz., allegations as to the circumstances surrounding the discovery of the fraud complained of, sufficient to enable the trial court to readily determine whether or not the facts and circumstances leading to a discovery of the fraud existed for more than three years prior to commencement of suit, the allegations of the complaint herein are so meager and uncertain and ambiguous that it cannot readily be determined therefrom that discovery did not occur prior to such three-year period. The special demurrer unerringly and directly pointed to the defects in this respect, and as a special plea supplementing that embraced by the general demurrer it was sufficient to put plaintiffs on notice of such claimed deficiency in their complaint and of the danger of proceeding to trial on such pleading at the peril of a reversal on appeal from a judgment founded thereon. Even a casual reading of these allegations of the complaint, in the light of the special demurrer, produces the belief that there are dates, facts and circumstances referred to as generalities in the complaint which, if set forth with particularity, would show whether or not the plaintiffs had knowledge, prior to the three-year period, of conditions of their avocado trees and

the soil in which they were planted which the law would deem equivalent to discovery and whether or not there existed means of knowledge during such period which the court might hold to be knowledge itself.

Thus if plaintiffs, in view of and in connection with their allegation "that said soil conditions lay beneath the surface and were not discernable and could not be detected until the avocado trees were planted and began to grow, and improvements were placed upon the property", had stated when the avocado trees were planted and how long a time elapsed before they noticed them withering and dying, or when it was they noticed that the trees had not attained their expected and proper growth, or when the fruit began to drop off, then the court could readily determine whether or not plaintiffs had means of knowledge at such dates, and could connect those facts with the employment of the expert and have a date of his employment and of his discovery. Instead of supplying the above data plaintiffs stated the several items as generalities and then alleged: "That when the conditions above mentioned first began to appear the plaintiffs employed the services of an expert who examined the property and the soil and drainage conditions, and who discovered the facts to be as herein alleged, and plaintiffs, for the first time, were informed of the soil conditions herein alleged, on or about the 30th day of September, 1932." In reading the foregoing quoted allegation in connection with the other allegations of the complaint it is readily apparent that nowhere therein is it stated when the conditions "first began to appear", nor when the examination was made by the expert, nor when plaintiffs first had notice of the conditions referred to. The complaint simply states that "plaintiffs, for the first time, were *informed* of the soil conditions herein alleged, on or about the 30th day of September, 1932". Neither this last-quoted allegation nor any other allegation in the complaint operates to negative the proposition that plaintiffs had means of knowledge during the period between June, 1927, and October 31, 1929, when they had the care and control of the planted and growing vines. That such means of knowledge existed must be implied from the allegations of the complaint wherein plaintiffs aver that said conditions lay beneath the surface and could not be detected until the avocado trees were planted and began

to grow and improvements placed on the property, when considered in connection with the allegations that up to June, 1927, defendant, in plaintiffs' employ, had cultivated the soil and improved the property and planted avocado trees thereon. ■ As courts will take judicial notice that fruit trees properly planted for commercial production and given proper and necessary care will either begin to grow or will not begin to grow, it must be implied from plaintiffs' averment of planting prior to June, 1927, that they had knowledge during the succeeding period to October 31, 1929, as to whether such planted trees were growing or had not grown or had withered and died. If they had knowledge that the planted trees did not grow, it was incumbent on them as owners, in the exercise of a reasonable degree of care for their own property, to investigate the cause of such lack of growth. And if the means of discovery of that cause existed and was readily available at that time, the law says that discovery occurred.

In the absence of the necessary and material allegations reciting the times and circumstances leading up to and surrounding the discovery of the fraud herein, we cannot say that reasonable means of making such discovery were not available to the plaintiffs for more than three years prior to the commencement of this action.

We are aware of the pronouncement made in the case of *Victor Oil Co.* v. *Drum,* 184 Cal. 226, and repeated in later decisions, that courts will not lightly seize upon some small circumstance to deny relief to a party plainly shown to have been actually defrauded against those who have defrauded him, on the ground that he did not discover the fact that he had been cheated as soon as he might have done; but it is equally true that a complaint seeking relief on the ground of fraud, which shows on its face that the fraud was perpetrated more than three years prior to the commencement of the action, must contain full and complete showing of the times and circumstances under which the facts constituting the fraud were brought to plaintiff's knowledge, so that the court may determine whether the discovery of the facts was within the time alleged. (*Goodfellow* v. *Barritt,* 130 Cal. App. 548 [20 Pac. (2d) 740].) ■ We are further mindful that since the enactment of section 452 of the Code of Civil Procedure it has been generally recognized that

in the construction of a pleading for the purpose of determining its effect its allegations must be liberally construed, with a view to substantial justice between the parties. (*Mix* v. *Yoakum,* 200 Cal. 681 [254 Pac. 557].) Giving the amended complaint herein the most liberal construction permitted by section 452 of the Code of Civil Procedure, no intendment can be indulged in that the pleader has not stated his case as strongly as it was possible to do so in order to avoid the bar of the statute of limitations. (*Haas* v. *Greenwald,* 196 Cal. 236 [237 Pac. 38, 59 A. L. R. 1493].)

 That the construction of the complaint herein operates to render substantial justice between the parties is demonstrated by the case as shown by plaintiffs' evidence when the motion for nonsuit presented it for consideration in relation to the statute of limitations. For in the evidence appear the dates and circumstances omitted from the complaint, and which reveal the fact that in 1927 plaintiffs saw and knew that out of 375 to 400 avocado trees planted in 1926, 50 or 60 were dead by the spring of 1927, and that thereafter during the succeeding years to 1932 some trees continued to wither and die; that replacement trees also died, and in some instances plaintiffs abandoned growing of an avocado tree and replaced the dead avocado tree with an orange tree. The evidence further shows that the cause of the failure of the trees to live or grow was the presence of an underlying hardpan or clay deposit, which prevented proper drainage and proper root growth and feeding, and that this stratum of clay was only from four to fifteen inches beneath the surface, and in some spots plainly visible on the surface and also visible in a cut bank on the premises. The evidence also revealed the fact that plaintiff Raymond R. Haley regularly visited the property about every two weeks after his purchase thereof, and in 1927, 1928 and 1929 at times did the irrigating, saw the condition of the dying or withered trees and caused replacements to be made, and that it was not until September of 1932 that he employed the expert to make an investigation and report. When plaintiff observed the continual withering and dying of his avocado trees from the spring of 1927 and thereafter, natural curiosity as well as business prudence would have compelled him to make inquiry as to the cause thereof, and his failure to make it would be inexcusable negligence. If he did make

inquiry, then he must have discovered the cause of his trees withering and dying. He must be presumed to have known whatever with reasonable diligence he might have ascertained concerning the fraud of which he complains. (*Simpson* v. *Dalziel,* 135 Cal. 599 [67 Pac. 1080].) Relying, as he might at the beginning, upon the representations of defendant's agents that the soil was deep and fertile and the drainage good, he was put upon notice of their falsity when the trees began to wither and die. (*Stevens* v. *Suburban Fruit Lands Co.,* 109 Cal. App. 120 [292 Pac. 699].) Nor does the allegation and proof that defendant failed to inform plaintiffs of the presence of the clay hardpan so close to the surface, when it planted the trees for them in the year prior to the spring of 1927, amount to any showing of diligence. That does not explain the failure of plaintiffs to inspect their own property then or thereafter with sufficient or any diligence, so as to reveal to them that which would be made apparent by a most casual or cursory investigation or inquiry. (*Johnson* v. *Ehrgott,* 1 Cal. (2d) 136 [34 Pac. (2d) 144].)

Where a defendant has pleaded the bar of the statute of limitations, a motion for nonsuit should be granted if the plaintiff's evidence shows that his action is barred. (*Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292].) As the evidence adduced by the plaintiffs was insufficient to overcome the plea of the statute herein, or to sustain any verdict in their favor, the motion for nonsuit should have been granted. These conclusions render it unnecessary to consider the other points argued in the briefs.

The judgment is reversed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1935.

Curtis, J., voted for a hearing.