[S. F. No. 15363. In Bank.—January 30, 1936.]

JAMES KELLY, Appellant, v. PATRICK M. LONGAN et al., Respondents.

John J. McMahon and Patrick J. Murphy for Appellant.

Arthur R. Smiley, Bertram L. Linz and Luther Elkins, *in pro. per.*, for Respondents.

WASTE, C. J.—This action is one to recover from respondents actual and exemplary damages for fraud, and for other

relief. Demurrers to the amended complaint were sustained, the order not granting leave to amend. Motion to be permitted to file a second amended complaint was denied on the ground, as recited by the court in the judgment, that the proposed amended pleading contained no material allegations not contained in plaintiff's first amended complaint. The court also found in its judgment that it appeared in both the first and second amended complaints that plaintiff had actual and full notice and knowledge, more than three years before he filed the complaint in the action, of the alleged fraud and the alleged fraudulent representations and promises of the defendants, and that from affidavits filed in the action it appeared impossible for plaintiff to amend the first amended complaint so as to toll the statute of limitations pleaded by the defendants in their demurrers. The court therefore refused permission to file the second amended complaint, and entered judgment that plaintiff take nothing and the defendants have their costs. Plaintiff appeals.

The respondents are alleged to have fraudulently obtained from appellant sums aggregating $55,936.21, either advanced or guaranteed to the Western Export Corporation (a Nevada corporation), which respondents controlled and to which they were heavily indebted, the corporation being insolvent. Appellant was a subordinate employee, having implicit trust and confidence in his employer, the respondent Patrick M. Longan. Between them there was a confidential relationship. It is alleged that appellant was promised a "bonus" of 16,666 shares of the corporation, contrary to the Corporate Securities Act, and it was agreed that he would be indemnified and held harmless from any liability as a stockholder; that respondents made him believe that as a stockholder he was not only liable for existing debts of the corporation, but was personally liable as a stockholder to the respondents in a sum in excess of what they had procured from him. Respondents thereby secured releases and discharges of their own liability from appellant. None of the representations nor promises was made good. Appellant first discovered the truth of the situation in 1928, and commenced action in 1932, pleading the reason for not sooner discovering the fraud practiced upon him.

■ The demurrers were interposed on the ground that the statute of limitations had run against the cause of action; that the complaint did not state sufficient facts; improper joinder of causes of action; causes of action not separately stated; another action pending between the same parties for the same cause; and specially, on seventeen grounds, that the complaint was uncertain, ambiguous and unintelligible. The ground of demurrer requiring our attention is that relating to the bar of the statute of limitations. The action should have been brought within three years after the discovery by plaintiff of the facts constituting the fraud. (Code Civ. Proc., sec. 338, subd. 4.) It was filed March 8, 1932. On November 22, 1927, appellant, at the instance of respondents, loaned to the Western Export Corporation the first large sum of money on its promissory note to be repaid on or before March 20, 1928. Within a few months, he had loaned to, or had guaranteed indebtedness of, the corporation, amounts in excess of $50,000. None of the sums were, or have been, repaid, and none of the obligations were, or have been, met. Appellant, on July 18, 1928, had to pay in cash on his guaranty to the Pacific National Bank of San Francisco the sum of $24,000. Neither the Western Export Corporation nor the respondents paid this amount or other sum, although they promised to do so, and it is alleged that it was only on these promises that appellant consented to and made the loans and executed the guaranty. In the meantime, the Western Export Corporation was adjudicated a bankrupt.

By way of excuse for not having filed the complaint for nearly four years after the happening of all these events, appellant pleads that he is a man of little education, unversed in either business or finance; that he had been long associated with Patrick M. Longan, one of the respondents, as an employee, and because of this close relationship with Longan he had for him a "most profound respect and confidence". There are other allegations tending to substantiate this relationship. Viewed as a whole, the excuse offered by appellant for not bringing the action within the statutory time is not sufficient to toll the statute. The rule is that, in actions for fraud commenced more than three years after the perpetration of the fraud, the plaintiff is held to stringent rules of pleading and evidence. (*Consolidated R. & P. Co.* v. *Scarborough*,

216 Cal. 698, 702 [16 Pac. (2d) 268] ; *Haley* v. *Santa Fe Land Imp. Co.,* 5 Cal. App. (2d) 415 [42 Pac. (2d) 1078].)   There is not here that full and complete showing of the times and circumstances under which the facts constituting the fraud were brought to plaintiff's knowledge necessary to enable the court to determine that the facts were, for good reason shown, not discovered before the three-year period.   They were, in fact, brought home to the plaintiff's knowledge and notice nearly four years before action was brought.   Thereafter, the plaintiff continued to rely on the promises and representations made by the respondents, supported, no doubt, by an erroneous and misplaced confidence in the integrity of the promisors.   Unhappily, that is not sufficient to toll the statute in the present case.

The judgment is affirmed.

Conrey, J., Thompson, J., Curtis, J., Shenk, J., and Seawell, J., concurred.

LANGDON, J., Dissenting.—I dissent.   The complaint alleges the perpetration of a gross fraud upon plaintiff, by the deliberate acts and representations of a person in whom he reposed his fullest confidence.   The circumstances alleged are so aggravated that rules of pleading should be given their appropriate liberal application in order to prevent a possible serious miscarriage of justice.   The case of *Original Mining & Milling Co.* v. *Casad,* 210 Cal. 71 [290 Pac. 456], arising under somewhat similar facts, fully sustains the sufficiency of the complaint herein.

The plaintiff is denied relief because he has assertedly not alleged circumstances showing and excusing his failure to discover the fraud at an earlier date.   But the complaint does allege these circumstances, and upon a fair consideration of the allegations, the failure to bring the action sooner is entirely understandable and justifiable.   Plaintiff, an uneducated man unfamiliar with business, was favored with the friendship of defendant Patrick Longan, a rich and socially prominent business man, for years prior to the transaction in question.   The latter acted as his confidential adviser and was entrusted with his affairs.   The said defendant promised to indemnify plaintiff and hold him harmless from any

loss arising out of the transaction. Plaintiff relied upon Longan when the original fraudulent representations were made to him; was it not natural for him to rely upon Longan when this later fraudulent promise was made? To a person such as plaintiff, there were no facts or circumstances tending to arouse suspicion until the latter part of 1929, when he was ousted from his position with defendant's company. He then first conceived of the deception by his trusted adviser and immediately employed counsel, investigated the transaction, and brought this suit. If plaintiff can prove these allegations he is undoubtedly entitled to a judgment. I am satisfied that he should be given the opportunity to do so.

Rehearing denied.